THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PERSAWVERE, INC., <br><br> Plaintiff, <br><br> v. <br><br> MILWAUKEE ELECTRIC TOOL, CORPORATION, <br><br> Defendant. | C.A. No. _____ <br><br> **JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Persawvere, Inc., ("Plaintiff" or "Persawvere") files this Complaint and demand for a jury trial seeking relief for patent infringement by Defendant Milwaukee Electric Tool, Corporation ("Defendant" or "Milwaukee").  Plaintiff states and alleges the following:

**THE PARTIES**

1. This case is brought by Persawvere, a corporation organized and existing under the laws of the State of Michigan, with its principal place of business located at 31693 8 Mile Road., Suite 1012, Michigan 48152.

2. Persawvere was originally incorporated under the name Stout Tool Corporation ("Stout").  Stout amended its articles of incorporation in 2011 to change the company name to Persawvere.

3. Persawvere was founded by Scott McIntosh, the named inventor of the patent asserted in this action.

4. On information and belief, Milwaukee is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at 13135 West Lisbon Road, Brookfield, Wisconsin 53005.

## JURISDICTION AND VENUE

5.     This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq*. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6.     This Court has personal jurisdiction over Milwaukee, including because it is incorporated, organized, and existing under the laws of the State of Delaware, and has a registered agent in Wilmington, Delaware.

7.     Venue is proper in this District pursuant to 28 U.S.C. § 1400(b).

## THE ASSERTED PATENT

8.     On December 17, 2013, United States Patent No. 8,607,681 ("the '681 patent"), entitled "Hand-Held Band Saw," was duly and legally issued by the United States Patent and Trademark Office. Mr. McIntosh is its sole named inventor, and assigned the '681 patent, including the right to sue for and collect past damages, to Stout by an assignment recorded at Reel/Frame 025388/0413. Stout subsequently recorded its name change to Persawvere, Inc. at Reel/Frame 035563/0658. Persawvere accordingly owns all right, title, and interest in and to the '681 patent. A true and correct copy of the '681 patent is attached as Exhibit 1.

## BACKGROUND

9.     The '681 patent concerns band saws.

10.     Devices called "vertical band saws" were traditionally the tool of choice for cutting conduit, pipe, and a variety of other materials. However, the size of such saws made it difficult to easily transport vertical band saws to a job site.

11.     The '681 patent is directed to a hand-held band saw. Applications include cutting workpieces constructed of, for example, metal, wood, or plastic, such as construction materials

including pipes and conduits. Generally, a hand-held band saw can be moved relative to the object to be cut.

12. Through his experience as a pipe-fitter for more than 15 years, Mr. McIntosh recognized that a hand-held band saw that is substantially weight-balanced could, for example, be utilized in a single-handed operation for cutting a workpiece while holding the workpiece with the other hand of the operator.

13. On February 19, 2003, U.S. Provisional Patent Application No. 60/448,295 was filed. Several patents ultimately issued that claim priority to that provisional application, including the '681 patent. The application that issued as the '681 patent was filed on September 19, 2007.

14. The '681 patent describes and claims, *inter alia*, "a portable hand-held band saw capable of being fully supported and operated single-handedly for performing a one-handed cutting operation using a closed loop saw blade." The claims require, *inter alia*, a "handle assembly including at least a part of a hand grip portion located between the first axis of the drive wheel and the second axis of the driven wheel" where said handle assembly is "located such that the saw is substantially weight balanced, so that the saw can be utilized in a single-handed operation;" and a "trigger within the hand grip portion" wherein "the trigger is also located between the first drive wheel axis and the second wheel axis."

15. In December 2003, Stout began selling its X-Band saw, a cordless band saw capable of single-handed use. Stout achieved sales success, selling at least 5,000 units.

16. In 2009, Stout entered royalty-bearing license agreements with two major power tool manufacturers, licensing Stout's intellectual property, including the application for the '681

patent and any patents issuing therefrom.  Stout's successor, Persawvere, licensed several patents, including the '681 patent, to another major power tool manufacturer.

17.    These licensees have sold substantial numbers of licensed products, and have paid substantial royalties on those products to Stout and/or its successor, Persawvere.

18.    Milwaukee learned of Mr. McIntosh's invention at least as early as 2008.  In particular, in October 2008, Mr. McIntosh spoke with, and exchanged emails with, Shane Moll, Milwaukee's then-Vice President of Marketing in its Tools and Equipment Division, and Timothy Speno, Director of Jobsite Solutions and Service at Milwaukee, concerning Stout's single-handed band saw technology.

19.    In October 2010, Mr. McIntosh exchanged emails with Ty Staviski, Milwaukee's then-Vice President and Chief Financial Officer, regarding a potential acquisition of Stout's intellectual property by Milwaukee.  Stout and Milwaukee entered a non-disclosure agreement on October 7, 2010, to facilitate those conversations.

20.    From 2014 until late 2017, Mr. McIntosh exchanged email correspondence with Milwaukee employees regarding Milwaukee saws that infringed the '681 patent, and seeking to license his intellectual property to Milwaukee.  Over that time, Mr. McIntosh communicated with multiple Milwaukee employees, including Shane Moll and a Milwaukee in-house attorney, Elizabeth Miller.

21.    On information and belief, Milwaukee learned about the '681 patent shortly after it issued in 2013, or was willfully blind to the existence of the patent.  In any event, Milwaukee became aware of the '681 patent no later than March 2014, when Mr. McIntosh gave Milwaukee notice of the '681 patent in a letter dated March 20, 2014, directed to Shane Moll, Milwaukee's then-President of the Power Tools Division.

22. Despite these efforts by Mr. McIntosh, and despite other major power tool manufacturers licensing the patents, Milwaukee refused to license any of Persawvere's patents.

23. At least one of Plaintiff's licensees has threatened to cease paying royalties on existing license agreements as a result of Milwaukee's ongoing infringement of the '681 Patent.

## COUNT I
### (Infringement of the '681 Patent)

24. Plaintiff restates and realleges the preceding paragraphs of this Complaint.

25. On information and belief, Milwaukee has made, used, sold, offered for sale, and/or imported into the United States, and is currently making, using, selling, offering for sale, and/or importing into the United States, band saws including the 2429 M12™ Sub-Compact Band Saw, the 2529 M12 FUEL™ Compact Band Saw, the 2629 M18™ Cordless LITHIUM-ION Band Saw ("2629 Saw"), the 6242-6 Compact Band Saw, and the 2829 M18 FUEL™ Compact Band Saw ("Accused Products").

26. The Accused Products infringe one or more claims of the '681 patent.

27. The 2629 Saw, and all of the other Accused Products, infringe at least claim 1 of the '681 patent. For example, the 2629 Saw is "a portable hand-held band saw capable of being fully supported and operated single-handedly for performing a one-handed cutting operation using a closed loop saw blade."[1]

---

[1] Ex. 2, 2629 Saw Operator's Manual at 4, available at https://www.milwaukeetool.com/Products/Power-Tools/Metalworking/Band-Saws/2629-20#sp-specs (annotations added).





28. The 2629 Saw has "a substantially planar frame having a first end and a second end for housing a first drive wheel with a first rotational axis at the first end and a second driven wheel with a second rotational axis at the second end, wherein the drive wheel and the driven wheel engage the closed loop saw blade, said substantially planar frame defining a first plane."[2]

---

[2] Ex. 3, 2629 Saw at https://www.homedepot.com/p/Milwaukee-M18-18-Volt-Lithium-Ion-Cordless-Band-Saw-Kit-with-Two-3-0-Ah-Batteries-Charger-Hard-Case-2629-22/202043795 (annotations added); Ex. 2 at 4 (annotations added).





29. The 2629 Saw has a "throat within the frame, said throat being able to receive a workpiece, wherein the throat exposes a portion of the closed loop saw blade angled within the throat."[3]





---

[3] Ex. 4, 2629 Saw at https://www.milwaukeetool.com/Products/Power-Tools/Metalworking/Band-Saws/2629-22 (annotations added); Ex. 3 (annotations added).

30. In the 2629 Saw, the "exposed portion of the angled saw blade defin[es] a second cutting plane which is different from, and at an angle to, the first plane of the substantially planar frame."[4]



31. The 2629 Saw has a "drive assembly mounted to the band saw."[5]



---

[4] Ex. 3 (annotations added).
[5] Ex. 4 (annotations added).

32. The 2629 Saw has a "handle assembly extending upwardly and outwardly at an angle from the plane of the frame, said handle assembly including at least a part of a hand grip portion located between the first axis of the drive wheel and the second axis of the driven wheel."[6]





---

[6] Ex. 5, 2629 Saw at https://www.homedepot.com/p/Milwaukee-M18-18-Volt-Lithium-Ion-Cordless-Band-Saw-Tool-Only-2629-20/202196582 (annotations added); Ex. 4 (annotations added).

33. In the 2629 Saw, the "handle assembly permit[s] the operator to lift and operate the saw with one hand, and said handle assembly [is] located such that the saw is substantially weight balanced, so that the saw can be utilized in a single-handed operation for cutting the workpiece while holding the workpiece with another hand of the operator."



34. The "handle assembly" of the 2629 Saw "defines yet a third plane that is substantially parallel to the second cutting plane of the saw blade, this third handle plane being positioned outwardly from the second cutting plane."[7]

---

[7] Ex. 3 (annotations added).



35. The 2629 Saw has a "trigger within the hand grip portion, said trigger capable of being activated by the operator while operating the saw single-handedly, and wherein the trigger is also located between the first drive wheel axis and the second wheel axis."[8]

---

[8] Ex. 3 (annotations added).



36. Milwaukee's infringement of the '681 patent has been both direct and indirect.

37. Milwaukee has directly infringed and is directly infringing the '681 patent because it has made, used, sold, offered for sale, and/or imported into the United States and is currently making, using, selling, offering for sale, and/or importing into the United States the Accused Products.

38. Milwaukee has indirectly infringed and continues to indirectly infringe the '681 patent under 35 U.S.C. § 271 (b) because Milwaukee has induced, and continues to induce, third parties including Milwaukee's customers to use the Accused Products. Such use by third parties constitutes direct infringement of at least claim 1 of the '681 patent.

39. For example, Milwaukee has supplied, and continues to supply, such third parties with instructions, documentation, tutorials, marketing materials and the like that instructed/instruct them how to use the Accused Products, with knowledge that usage in accordance with their instructions infringed/infringes the '681 patent, or with willful blindness to that fact.

40. Milwaukee has indirectly infringed and continues to indirectly infringe the '681 patent under 35 U.S.C. § 271 (c) because Milwaukee has contributed to direct infringement, and continues to contribute to direct infringement by third parties, including Milwaukee's customers, of at least claim 1 of the '681 patent.

41. For example, Milwaukee has sold, offered for sale, and/or imported into the United States and is currently selling, offering for sale, and/or importing into the United States the Accused Products to these third parties with full knowledge of the '681 patent. These third parties have used the Accused Products according to instructions, documentation, tutorials, marketing materials and the like that instructed/instruct them how to assemble the components of the Accused Products in ways that infringed/infringe the '681 patent. The Accused Products were not and are not staple articles or commodities of commerce suitable for substantial noninfringing uses. The Accused Products constituted and continue to constitute a material part of the inventions claimed in the '681 patent. Milwaukee has supplied and continues to supply the Accused Products with knowledge of the '681 patent and knowledge that they were especially made for use in an infringing manner.

42. Milwaukee's actions demonstrate an intent not only to have caused the acts that form the basis of the direct infringement, but also that Milwaukee did so with the specific intent to infringe the '681 patent. At a minimum, Milwaukee's conduct demonstrates that Milwaukee either knew or should have known that the actions of such third parties directly infringed/infringe the '681 patent.

43. Moreover, on information and belief, Milwaukee's infringement of the '681 patent has been willful and warrants enhanced damages.

44. On information and belief, Milwaukee has no reasonable basis for believing that the claims of the '681 patent are either invalid or not infringed by the Accused Products.

45. Plaintiff has been damaged as the result of Milwaukee's infringement. In addition, Milwaukee's willful infringement warrants an award of both enhanced and exceptional damages, including attorneys' fees.

46. On information and belief, Milwaukee has caused and will continue to cause irreparable injury and damage to Plaintiff by infringing the '681 patent. Plaintiff will suffer further irreparable injury and damage, for which it has no adequate remedy at law, unless and until Milwaukee is enjoined from infringing the '681 patent.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

(1) Enter judgment that Milwaukee has infringed one or more claims of the '681 patent;

(2) Enter an order permanently enjoining Milwaukee and its officers, agents, employees, attorneys, and all persons in active concert or participation with any of them, from infringing the '681 patent;

(3) Award to Plaintiff damages in an amount sufficient to compensate it for Milwaukee's infringement of the '681 patent, together with pre-judgment and post-judgment interest and costs, and all other damages permitted under 35 U.S.C. § 284;

(4) Award to Plaintiff an accounting for acts of infringement not presented at trial, and award to Plaintiff additional damages for any such acts of infringement;

(5) Treble the damages awarded to Plaintiff under 35 U.S.C. § 284 by reason of Milwaukee's willful infringement of at least one claim of the '681 patent;

(6)     Declare this case to be "exceptional" under 35 U.S.C. § 285 and award to Plaintiff all reasonable attorneys' fees, expenses, and costs incurred in this action; and

(7)     Award to Plaintiff such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

Dated: March 19, 2021                           FISH & RICHARDSON P.C.


By: */s/ Susan E. Morrison*
    Susan E. Morrison (No. 4690)
    Kelly Allenspach Del Dotto (No. 5969)
    222 Delaware Avenue, 17th Floor
    Wilmington, DE 19801
    Telephone: (302) 652-5070
    Facsimile: (302) 652-0607
    morrison@fr.com
    kad@fr.com

    Kurt L. Glitzenstein
    Jacob B. Pecht
    FISH & RICHARDSON P.C.
    One Marina Park Drive
    Boston, MA 02210
    (617) 521-7042
    glitzenstein@fr.com
    pecht@fr.com

    *Attorneys for Plaintiff*
    *Persawvere, Inc.*