IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

PERSAWVERE, INC.,

    Plaintiff,

v.

MILWAUKEE ELECTRIC TOOL
CORPORATION,

    Defendant.

C.A. No. 21-400-GBW

## MEMORANDUM ORDER[1]

Pending before this Court is Defendant Milwaukee Electric Tool Corporation's ("Milwaukee") Motion for Leave to File an Amended Answer pursuant to Federal Rule of Civil Procedure 15(a)(2). *See* D.I. 111; 112. Milwaukee seeks to file its Amended Answer to add an affirmative defense and counterclaims related to inequitable conduct, *see* D.I. 111, Ex. 1, following the deposition of Scott McIntosh ("Mr. McIntosh")—who is the sole inventor of United States Patent No. 8,607,681 ("the '681 patent") and the President and CEO of Plaintiff's company—but after the close of fact discovery. D.I. 112. Plaintiff Persawvere, Inc. ("Persawvere") opposes Milwaukee's Motion on the grounds that such an amended pleading fails to satisfy the "good cause" standard to amend a scheduling order, and that an amended pleading would be futile and unduly prejudicial. *See* D.I. 114. For the reasons explained below, the Court grants Milwaukee's Motion for Leave to File an Amended Answer.

### I.    LEGAL STANDARDS

Rule 15 of the Federal Rules of Civil Procedure provides that, apart from amendments as a matter of course, "a party may amend its pleading only with the opposing party's written consent

---

[1] The Court writes for the benefit of the parties and assumes their familiarity with this action.

1

or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "The decision to grant or deny leave to amend lies within the discretion of the court." *Compagnie des Grands Hotels d'Afrique SA v. Starwood Cap. Grp. Glob. I LLC*, No. CV 18-654-SB-SRF, 2021 WL 6883231, at *4 (D. Del. Feb. 10, 2021) (citations omitted).

"Leave to amend must generally be granted unless equitable considerations render it otherwise unjust." *Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). "The Third Circuit has adopted a liberal approach to the amendment of pleadings." *Id.* "In the absence of undue delay, bad faith, or dilatory motives on the part of the moving party, the amendment should be freely granted, unless it is futile or unfairly prejudicial to the non-moving party." *Id.* (citations omitted). An amendment is futile if it "would fail to state a claim upon which relief could be granted." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). "The standard for assessing futility is the 'same standard for legal sufficiency as applies under [Federal] Rule [of Civil Procedure] Rule 12(b)(6).'" *Great W. Mining & Min. Co. v. Fox Rothschild, LLP*, 615 F.3d 159, 175 (3d Cir. 2010) (quoting *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000)).

If a motion to amend satisfies Rule 15, but the motion is filed after the deadline set for amendments under a scheduling order, the moving party must also satisfy Rule 16(b)(4) of the Federal Rules of Civil Procedure. *See E. Minerals & Chems. Co. v. Mahan*, 225 F.3d 330, 340 (3d Cir. 2000). Rule 16(b)(4) provides that "[a] schedule maybe modified only for good cause and with the judge's consent." While Rule 15(a)(2) focuses on the question of prejudice to the non-moving party, Rule 16(b)(4) "focuses on the moving party's burden to show due diligence." *Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 614 F.3d 57, 84 (3d Cir. 2010); *see also WebXchange Inc. v. Dell Inc.*, C.A. No. 08-132-JJF, 2010 WL 256547, at *2 (D. Del. Jan. 20, 2010) ("In contrast

to Rule 15(a), the good cause standard under Rule 16(b) hinges on diligence of the movant, and not on prejudice to the non-moving party."); *Roquette Freres v. SPI Pharma, Inc.*, C.A. No. 06-540-MPT, 2009 WL 1444835, at *4 (D. Del. May 21, 2009) ("The good cause element requires the movant to demonstrate that, despite diligence, the proposed claims could not have been reasonably sought in a timely manner."). Thus, good cause is established if the amendment is not unduly delayed, i.e., if the movant shows that it acted diligently in filing its motion to amend. If the movant satisfies that requirement of Rule 16, leave to amend should be granted unless there is a reason to deny leave, such as bad faith, prejudice to the non-moving party, or futility of the claims. *See Foman*, 371 U.S. at 182; *In re Burlington*, 114 F.3d at 1434.

## II. DISCUSSION

### A. Good Cause Pursuant to Fed. R. Civ. P. 16(b)(4)

Milwaukee asserts that the information on which it relies to plead inequitable conduct "did not become available until about a month" after it "deposed Mr. McIntosh." D.I. 112 at 1. Following Mr. McIntosh's deposition, Milwaukee claims it "diligently and expeditiously reviewed the deposition transcripts and notified Persawvere of its intent to seek leave to amend its Answer to include an inequitable conduct defense argument on April 18, 2023." *Id.* Persawvere disagrees, arguing that "Milwaukee failed to act diligently by waiting until the final weeks of fact discovery to take the deposition of Mr. McIntosh," despite Milwaukee purportedly possessing the documents necessary to plead inequitable conduct in September 2021. D.I. 114 at 1-2. Additionally, Persawvere contends that "Milwaukee was also not diligent in pursuing its motion to amend," as Milwaukee waited nearly a month to notify Persawvere of its intent to assert an inequitable conduct claim following Mr. McIntosh's deposition. *Id.* at 2. For the reasons stated below, the Court finds

that good cause exists to amend the Scheduling Order as it relates to the deadline to amend pleadings.

Due to the "heavy burden" in proving a claim of inequitable conduct, coupled with the fact that an inequitable conduct claim relies on evidence often only able to be obtained through discovery, it is common for a motion for leave to amend related to a claim of inequitable conduct to come after the deadline for amending pleadings. *See, e.g.*, *Lipocine Inc. v. Clarus Therapeutics, Inc.*, C.A. No. 19-622-WCB, 2020 WL 4794576 at *3 (D. Del. Aug. 18, 2020); *Targus Int'l LLC v. Victorinox Swiss Army, Inc.*, C.A. No. 20-464-RGA, 2021 WL 2291978, at *2-3 (D. Del. June 4, 2021). Courts have generally held that "it is not unreasonable for patent challengers to postpone raising allegations of inequitable conduct until sufficient discovery has been conducted to enable the challenger [to] confirm its suspicions and gather the evidence necessary to sustain its claim." *Lipocine*, 2020 WL 4794576 at *3; *see, e.g.*, *Evonik Degussa GmbH v. Materia Inc.*, C.A. No. 09-636-JS, 2011 WL 13152274, at *4 (D. Del. Dec. 13, 2011) (holding that a plaintiff seeking to add an inequitable conduct claim after the deadline to amend pleadings "should not be penalized because it prudently waited to obtain key deposition testimony before filing its proposed amendment"); *L'Oreal S.A. v. MSD Consumer Care, Inc.*, C.A. No. 12-99-GMS, 2014 WL 12929551, at *1 (D. Del. Sept. 18, 2014) ("Because inequitable conduct must be pled with particularity, parties will often not possess the necessary information to substantiate such a claim until discovery is taken.").

As in those cases, it would not be reasonable to require that Milwaukee have sought leave to add its inequitable conduct claims before the end of fact discovery, which concluded with the deposition of the sole inventor of the '681 patent and Persawvere's President and CEO, Mr. McIntosh. In light of the heightened standards of pleading and proof for claims of inequitable

4

conduct and the fact that in this case, as in many cases, the most important evidence of inequitable conduct is in the possession of the patentee, it was not unreasonable for Milwaukee to seek to confirm its allegations of inequitable conduct during fact discovery before formally pleading inequitable conduct. *See Lipocine*, 2020 WL 4794576 at *4. In other words, Milwaukee was reasonable in waiting to file this motion until after Mr. McIntosh's deposition seeking to corroborate whether Mr. McIntosh's statements made during the prosecution of the '681 patent were false and whether Mr. McIntosh had knowledge of Milwaukee's alleged prior art bandsaws, especially given the heightened standard of proof required for inequitable conduct claims. Also, and contrary to Persawvere's position, *see* D.I. 114 at 2, "nearly a month" between Mr. McIntosh's deposition and Milwaukee seeking leave to amend its Answer does not constitute undue delay. Short periods of delay in filing a motion to add inequitable conduct claims after critical information was obtained have routinely been held in this District to not constitute "undue delay." *See, e.g., Evonik*, 2011 WL 13152274, at *3 (delay of more than two months after the critical depositions was not undue); *Enzo Life Scis., Inc. v. Digene Corp.*, 270 F. Supp. 2d 484, 489 (D. Del. 2003) (delay of six weeks after important deposition was not "undue"); *Roquette Freres*, 2009 WL 1444835, at *5 (delay of six weeks after important depositions was not "undue"); *Helios Software, LLC v. Awareness Techs., Inc.*, C.A. No. 11-1259-LPS, 2013 WL 6773658, at *1 (D. Del. Dec. 19, 2013) (delay of one month was not undue); *Leader Techs., Inc. v. Facebook, Inc.*, C.A. No. 08-862-LPS, 2010 WL 2545959, at *4-5 (D. Del. June 24, 2010) (delay of one month after relevant deposition was not undue).

Thus, good cause exists to amend the Scheduling Order as it relates to the deadline to amend the pleadings.

5

## B.   Leave to Amend Pursuant to Fed. R. Civ. P. 15(a)(2)

### i. Undue Prejudice

Milwaukee contends that Persawvere will not be unduly prejudiced by Milwaukee filing its Amended Answer because "the information regarding Mr. McIntosh's knowledge and his conduct before the USPTO during prosecution of the '681 Patent is within the control of Persawvere." D.I. 112 at 2 (citing *Roquette Freres*, 2009 WL 1444835, at *5 (holding no undue prejudice because information in Plaintiff's possession as to inventors' knowledge and actions before the USPTO)). Persawvere disagrees, arguing that it "had no opportunity to question Milwaukee's technical witnesses along similar lines," thereby constituting undue prejudice. D.I. 114 at 2. In response, Milwaukee argues that, because Persawvere maintains access to Mr. McIntosh and was previously aware of the issues surrounding his statements made to the USPTO, Persawvere has failed to demonstrate undue prejudice. D.I. 115 at 1-2. In addition, Milwaukee notes that any purported prejudice suffered by Persawvere is obviated by Persawvere's ability to respond to and depose Milwaukee's expert on inequitable conduct. *Id.*

In order to prove undue prejudice, the non-movant "must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered . . . had the amendments been timely." *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989) (citing *Heyl & Patterson Int'l. Inc. v. F.D. Rich Hous. of V.I., Inc.*, 663 F.2d 419, 426 (3d Cir. 1981)). Typically, the plaintiff in an inequitable conduct dispute has access to all the information that is pertinent to its case. *Lipocine*, 2020 WL 4794576 at *7. That is, the issues of intent and materiality ordinarily turn on evidence in the patentee's possession and often do not require factual discovery. *Id.* For that reason, courts have noted that the loss of an opportunity for discovery on inequitable conduct typically does not result in prejudice to the patentee. *See, e.g.*,

*Butamax Advanced Biofuels LLC v. Gevo, Inc.*, C.A. No. 11-54-SLR, 2013 WL 571801, at *3 (D. Del. Feb. 2, 2013) ("The court is not convinced that plaintiff will be prejudiced by this amendment. As defendant points out, 'the inequitable conduct analysis concerns Butamax's conduct in prosecuting its own patents and the actions and knowledge of its own scientists. . . . Information regarding its own inequitable conduct lies largely with the plaintiff."); *Leader Techs.*, 2010 WL 2545959, at *6 ("Given that Facebook's inequitable conduct claim is largely premised on documents already within Leader's control, and on the testimony of the patent's inventors, the Court concludes that Leader will not be unduly prejudiced by Facebook's proposed amendment."); *Cordance Corp. v. Amazon.com, Inc.*, 255 F.R.D. 366, 373 (D. Del. 2009) (finding no prejudice from an amendment after the close of fact discovery because "the availability of the information regarding inequitable conduct is primarily within the control of [the patentee]"); *Roquette Freres*, 2009 WL 1444835, at *5 ("Information regarding the inventors' knowledge and what they did or did not do regarding the patent specification and their representations to the PTO would primarily be within the control of [the plaintiff].").

Here, Persawvere's arguments regarding prejudice relate to the fact that fact discovery is now closed, and that it has lost the "opportunity to question Milwaukee's technical witnesses" related to the inequitable conduct claims, including whether the center of gravity could be estimated based on a patent's figures. D.I. 114 at 2. However, the Court concludes that any prejudice to Persawvere which would exist as a result of permitting Defendant to add its inequitable conduct claim is not undue and, thus, does not warrant denial of leave to amend. *See Lipocine*, 2020 WL 4794576 at *7 ("[C]ourts have noted that the loss of an opportunity for discovery on inequitable conduct typically does not result in prejudice to the patentee."). Persawvere was able to depose Mr. McIntosh and presumably possesses extensive information

7

about Mr. McIntosh's interactions with the USPTO, considering Mr. McIntosh is the sole inventor of the '681 patent and current President and CEO of Persawvere. Further, Persawvere has not suggested any discovery that it would have taken, but did not, because of its lack of notice regarding Milwaukee's inequitable conduct claims. That Persawvere alleges it lost the opportunity to question Milwaukee's technical witnesses is similarly unpersuasive because, as Milwaukee notes, Persawvere has the opportunity to respond to and depose Milwaukee's expert on inequitable conduct. D.I. 115 at 2.

Accordingly, Persawvere has failed to demonstrate why granting Milwaukee leave to file an Amended Answer would cause it to suffer undue prejudice.

### ii. Futility

When addressing futility of a proposed amendment to add a claim of inequitable conduct to a pleading, the analysis follows the standard that applies to a motion under Rule 12(b)(6). *In re Burlington*, 114 F.3d at 1434. Rule 8 of the Federal Rules of Civil Procedure requires a complainant to provide "a short and plain statement of the claim showing that the pleader is entitled to relief..." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) allows the accused party to bring a motion to dismiss the claim for failing to meet this standard. A Rule 12(b)(6) motion may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the complainant, the court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

"Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). The Court is "not required to credit bald assertions or legal conclusions

improperly alleged in the complaint." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002). However, a complaint may not be dismissed "for imperfect statement of the legal theory supporting the claim asserted." *See Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014). A complainant must plead facts sufficient to show that a claim has "substantive plausibility," *id.* at 12, which must be found on the face of the complaint, *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the [complainant] pleads factual content that allows the court to draw the reasonable inference that the [accused] is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

Rule 9 of the Federal Rules of Civil Procedure adds a heightened pleading standard for allegations of fraud, which includes claims of inequitable conduct. *See Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1326 (Fed. Cir. 2009). This requires a complainant to provide both a "theoretically viable claim" and the factual allegations that make it plausible. *In re Rockefeller*, 311 F.3d at 216 (emphasis in original omitted). Rule 9(b) states that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). While pleading standards in patent cases generally follow that of the applicable regional circuit court, when assessing the level of particularity required by a claim of inequitable conduct under Rule 9(b), this Court applies the law of the Federal Circuit. *See Exergen*, 575 F.3d at 1326. Thus, although "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally," the pleadings must include facts that would allow this Court to "reasonably infer that a specific individual (1) knew of the withheld material information or of the falsity of the material misrepresentation, and (2) withheld or misrepresented this information with a specific intent to deceive the PTO." *Id.* at 1328-29. Under this standard, a

complainant is required to "identify the specific who, what, when, where, and how of the material misrepresentation or omission committed before the PTO." *Id.* at 1328. A reference is material if it "establishes, by itself or in combination with other information, a *prima facie* case of unpatentability of a claim," and a reference is cumulative if it only contains information that is already disclosed in the art given to the USPTO. *Id.* at 1329-30.

Persawvere contends that leave to amend would be futile for three reasons. D.I. 114 at 3. First, Persawvere argues that, because "no false statements were made to the USPTO," "there is no 'particularized factual bases' for the inequitable conduct allegations." *Id.* The Court disagrees. Having reviewed the portions of Milwaukee's Amended Answer that relate to Mr. McIntosh's allegedly false statements made to the USPTO, the court concludes that the lengthy and detailed allegations in that pleading are sufficient to satisfy the pleading standard applicable for an inequitable conduct claim. Specifically, Milwaukee sets forth sufficient facts to establish the who, what, when, where, and how with regard to its claim that false statements were made to the USPTO when prosecuting the '681 patent. *See* D.I. 111, Ex. 1 at 21-27; *Exergen*, 575 F.3d at 1329-30. That Persawvere disagrees that Mr. McIntosh's statements made during the prosecution of the '681 patent are inconsistent with those statements made during his deposition is not a basis of demonstrating futility.

Second, Persawvere contends that Milwaukee fails to demonstrate that the withheld prior art references were not cumulative. D.I. 114 at 4. This, however, fares no better. Milwaukee's Amended Answer contains detailed factual allegations about the knowledge of the individual regarding potentially invalidating prior art, i.e., Milwaukee's bandsaw, the selective presentation of materials to the patent examiner, and the motivation of those involved in the prosecution to conceal damaging prior art references. *See* D.I. 111, Ex. 1 at 27-32. Although Milwaukee never

10

uses the word "cumulative" in its Amended Answer, it is reasonable to infer that, based on (1) the USPTO indicating on the '681 patent's Notice of Allowance that the claims were allowable because the prior art failed to disclose one-handed operation and a trigger on a hand grip portion located between the wheel axes, *see* D.I. 111, Ex. 1 at 22-23, 27, (2) that Milwaukee's prior art bandsaw model 6225 purportedly demonstrated both of these allegedly patentable features, *id.* at 27-28, and (3) that Mr. McIntosh stated that the disclosed prior art was the "direct contradistinction" of the amended '681 patent claims, *id.* at 28, the patent examiner would have considered Milwaukee's prior art bandsaw was not cumulative of the other cited references.[2] *See Targus*, 2021 WL 2291978, at *5; *Exergen*, 757 F.3d at 1329-30.

Finally, Persawvere's third reason in support of its futility argument—that "Milwaukee also fails to plead that Mr. McIntosh had the requisite intent to deceive the Patent Office"—is also unpersuasive. D.I. 114 at 5. An inequitable conduct claim "is rarely disallowed at the pleading stage due to failure to adequately allege scienter." *Zadro Prods., Inc. v. SDI Techs., Inc.*, C.A. No. 17-1406-WCB, 2019 WL 1100470, at *5 (D. Del. Mar. 8, 2019). Generally, it is enough that the defendant plead sufficient facts from which it may be inferred that the applicant knew of withheld material information and withheld that information with the specific intent to deceive the PTO. *See Leader Techs.*, 2010 WL 2545959, at *6. Here, Milwaukee's Amended Answer alleges sufficient facts to which this Court can infer that Mr. McIntosh was aware of—as a result of his admitted use of—Milwaukee's bandsaw, which purportedly disclosed the features claimed in the '681 patent, prior to applying for the '681 patent. *See* D.I. 111, Ex. 1 at 27-30. Also, based on Mr. McIntosh's purported knowledge of Milwaukee's bandsaw coupled with his failure to disclose

---

[2] Because the Court is only evaluating the sufficiency of Milwaukee's pleading, the Court does not need to decide at this point whether Milwaukee's bandsaw is truly material or cumulative. *See Targus*, 2021 WL 2291978, at *5.

11

this reference to the USPTO, the Court can reasonably conclude that Mr. McIntosh specifically intended to deceive the USPTO to ensure the allowability of the '681 patent. *See, e.g., Senju Pharm. Co., Ltd. v. Apotex*, Inc., 921 F. Supp. 2d 297, 307 (D. Del. 2013); *Wyeth Holdings Corp. v. Sandoz*, C.A. No. 09-955-LPS-CJB, 2012 WL 600715, at *7 (D. Del. Feb. 3, 2012). Thus, because it can be reasonably inferred from Milwaukee's allegations that Mr. McIntosh was involved in the prosecution of the '681 patent, had specific knowledge about the Milwaukee bandsaw's materiality, and did not disclose the Milwaukee bandsaw during prosecution, that Mr. McIntosh had the intent to deceive the USPTO. *See Exergen*, 757 F.3d at 1330-31; *Rsch. Found. of State Univ. of N.Y. v. Mylan Pharms. Inc.*, C.A. No. 09-184-GMS-LPS, 2010 WL 2572715, at *3 (D. Del. June 28, 2010).

Accordingly, the Court concludes that inequitable conduct has been pled with requisite particularity, and that the claim is not futile because the factual allegations are sufficient enough to withstand scrutiny under Rule 12(b)(6).

### III. CONCLUSION

For the foregoing reasons, the Court grants Milwaukee's Motion for Leave to File an Amended Answer. D.I. 111.

\* \* \*

WHEREFORE, at Wilmington this 1st day of June, 2023, **IT IS HEREBY ORDERED** that:

1. Milwaukee's Motion for Leave to File an Amended Answer (D.I. 111) is **GRANTED**.

GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE