IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PERSAWVERE, INC., <br><br> Plaintiff, <br><br> v. <br><br> MILWAUKEE ELECTRIC TOOL CORPORATION, <br><br> Defendant. | C.A. No. 21-400-GBW |

**PLAINTIFF PERSAWVERE, INC.'S OPENING BRIEF IN SUPPORT OF ITS
*DAUBERT* MOTION TO EXCLUDE EXPERT TESTIMONY OF
<u>GREGORY GONSALVES, PH.D.</u>**

Dated: July 21, 2023

Susan E. Morrison (No. 4690)
Kelly Allenspach Del Dotto (No. 5969)
Grayson P. Sundermeir (No. 6517)
FISH & RICHARDSON P.C.
222 Delaware Avenue, 17th Floor
Wilmington, DE 19801
Telephone: (302) 652-5070
morrison@fr.com
kad@fr.com
sundermeir@fr.com

Kurt L. Glitzenstein
FISH & RICHARDSON P.C.
One Marina Park Drive
Boston, MA 02210
(617) 521-7042
glitzenstein@fr.com

*Attorneys for Plaintiff Persawvere, Inc.*

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................................. 1

II. NATURE AND STAGE OF THE PROCEEDINGS ............................................................ 1

III. SUMMARY OF THE ARGUMENT ..................................................................................... 1

IV. STATEMENT OF FACTS .................................................................................................... 2

V. ARGUMENT .......................................................................................................................... 3

VI. OPINIONS OF DR. GONSALVES ON PATENT LAW AND INEQUITABLE CONDUCT SHOULD BE EXCLUDED .................................................................................. 4

    1. Dr. Gonsalves' Testimony Regarding Patent Law, Including Inequitable Conduct, Is An Improper Attempt to Instruct the Court on the Law and Offer Impermissible Legal Opinions ............................................. 4

    2. Dr. Gonsalves' Opinions on Alleged Intent to Deceive the PTO Are Likewise Improper As a Matter of Law ............................................................. 8

VII. CONCLUSION ................................................................................................................... 10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Applied Cap., Inc. v. ADT Corp.*,
  No. 1:16-CV-00815, 2021 WL 1339379 (D.N.M. Apr. 9, 2021) ............................................... 8

*AstraZeneca UK Ltd. v. Watson Lab'ys, Inc. (NV)*,
  No. CA 10-915-LPS, 2012 WL 6043266 (D. Del. Nov. 14, 2012) .............................. 4, 5, 6, 9

*Berckeley Inv. Grp., Ltd. v. Colkitt*,
  455 F.3d 195 (3d Cir. 2006) ............................................................................................... 1, 5

*Brigham & Women's Hosp. Inc. v. Teva Pharms. USA, Inc.*,
  No. CIV.A. 08-464, 2010 WL 3907490 (D. Del. Sept. 21, 2010) ......................................... 5, 8

*Calhoun v. Yamaha Motor Corp., U.S.A.*,
  350 F.3d 316 (3d Cir. 2003) .................................................................................................... 4

*Chase Manhattan Mortg. Corp. v. Advanta Corp.*,
  No. CIV.A. 01-507 (KAJ), 2004 WL 422681 (D. Del. Mar. 4, 2004) .................................... 4

*Daubert v. Merrell Dow Pharm., Inc.*,
  509 U.S. 579 (1993) .................................................................................................. 1, 3, 4, 8

*Elcock v. Kmart Corp.*,
  233 F.3d 734 (3d Cir. 2000) .................................................................................................... 3

*Greatbatch Ltd. v. AVX Corp.*,
  No. CV 13-723-LPS, 2017 WL 3176179 (D. Del. July 20, 2017), *aff'd*, 813 F.
  App'x 609 (Fed. Cir. 2020) ................................................................................................. 2, 9

*Lannett Co. Inc. v. KV Pharm., Drugtech Corp.*,
  No. CV 08-338-JJF, 2009 WL 10657988 (D. Del. Mar. 9, 2009) ........................................... 5

*PureWick Corp. v. Sage Prod., LLC*,
  No. CV 19-1508 (MN), 2021 WL 2593338 (D. Del. June 24, 2021) ............................... 1, 4, 5

*In re Rosuvastatin Calcium Pat. Litig.*,
  No. CIV. 07-359-JJF-LPS, 2009 WL 4800702, (D. Del. Dec. 11, 2009),
  report and recommendation adopted, No. CIV.A 07-805-JJF, 2010 WL 661599
  (D. Del. Feb. 19, 2010) ...................................................................................................... 9, 10

*Shire Viropharma Inc. v. CSL Behring LLC*,
  No. CV 17-414, 2021 WL 1227097 (D. Del. Mar. 31, 2021) ................................... 5, 6, 9, 10

*Victaulic Co. v. ASC Engineered Sols., LLC*,
    No. CV 20-887-GBW, 2022 WL 17250376 (D. Del. Nov. 28, 2022) ..................................... 10

*W.L. Gore & Assocs., Inc. v. C.R. Bard, Inc.*,
    No. CV 11-515-LPS-CJB, 2015 WL 12815314 (D. Del. Nov. 20, 2015) ..................................... 8

**Other Authorities**

Fed. R. Evid. 702 ............................................................................................................... 1, 3

I.       INTRODUCTION

Defendant Milwaukee Electric Tool Corporation's ("Milwaukee") expert, Dr. Gregory Gonsalves, offered multiple improper opinions. Not only did he opine on the law surrounding patent prosecution and inequitable conduct, but he offered opinions regarding the intent of Scott McIntosh, the inventor of the patent-in-suit, to commit inequitable conduct. Such testimony has been repeatedly rejected by this Court as outside the proper purview of expert testimony. Plaintiff Persawvere, therefore, respectfully submits this opening brief in support of its motion to exclude the opinions of Dr. Gregory Gonsalves under *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993) and Fed. R. Evid. 702.

II.      NATURE AND STAGE OF THE PROCEEDINGS

Plaintiff Persawvere, Inc. ("Persawvere") initiated this litigation on March 19, 2021, alleging that Milwaukee infringes various claims of the U.S. Patent No. 8,607,681 ("the '681 patent") entitled "Hand-Held Band Saw." *See* D.I. 1. Fact and expert discovery are closed. Trial is set to begin December 4, 2023. D.I. 72.

III.     SUMMARY OF THE ARGUMENT

The Court should exclude Dr. Gonsalves' improper testimony.

    1.     Dr. Gonsalves should not be permitted to offer legal opinions regarding the governing law, including on the issues of inequitable conduct and the duty of candor. *See, e.g., Berckeley Inv. Grp., Ltd. v. Colkitt*, 455 F.3d 195, 217 (3d Cir. 2006) ("[T]he District Court must ensure that an expert does not testify as to the governing law of the case" or "render[] a legal opinion . . . as it would usurp the District Court's pivotal role in explaining the law to the jury") (internal citations omitted); *see also PureWick Corp. v. Sage Prod., LLC*, No. CV 19-1508 (MN), 2021 WL 2593338, at *2, n.3 (D. Del. June 24, 2021) ("[I]n this district . . . we have a very consistent view . . . that [testimony of patent law experts] are not helpful. And not only do we

mostly exclude them on bench trials, but in jury trials they are so severely limited." Such "testimony is unhelpful and inappropriate in that it substitutes the judgment of the expert for that of the Court.").

      2.      Dr. Gonsalves should not be permitted to offer opinions regarding any subjective issues, including with regard to intent, motive, or state of mind (or evidence by which such state of mind may be inferred) to deceive the Patent Office. *See, e.g.*, *Greatbatch Ltd. v. AVX Corp.*, No. CV 13-723-LPS, 2017 WL 3176179, at *2 (D. Del. July 20, 2017), *aff'd*, 813 F. App'x 609 (Fed. Cir. 2020) (striking expert opinions as to the state of mind and intent as "improper legal conclusions based on unscientific interpretation").

### IV. STATEMENT OF FACTS

Milwaukee retained a purported expert on the subject of patent law, Dr. Gonsalves, an attorney, to render opinions regarding (1) United States patent practice and procedures generally, and specifically as they relate to the prosecution of patent application that resulted in the issuance of the asserted '681 patent, and (2) the inequitable conduct defense advanced at the close of fact discovery by Milwaukee. Dr. Gonsalves submitted his opening expert report on May 8, 2023. Ex. A (Gonsalves Op. Rpt.). On June 26, 2023, Dr. Gonsalves submitted his reply expert report. Ex. B (Gonsalves Reply Rpt.).

The opening report of Dr. Gonsalves includes an overview of the U.S. patent system and patent prosecution procedures before the U.S. Patent and Trademark Office ("PTO"), including a discussion of related legal requirements and precedents. *See* Ex. A (Gonsalves Op. Rpt.) ¶¶ 28-81. It also includes an overview of the asserted '681 patent and selected issues and interpretations of its prosecution history. *Id.* ¶¶ 82-102. The bulk of Dr. Gonsalves's reports concerns the topic of inequitable conduct and the duty of candor, which he opines were breached by the sole inventor of

the '681 patent, Mr. Scott McIntosh. *Id*. ¶¶ 103-149; *see also* Ex. B (Gonsalves Reply Rpt.) ¶¶ 116-178.

Dr. Gonsalves's inequitable conduct discussion includes a detailed account of purportedly "relevant case law" as well as discussions of his interpretations of the "current state of the law," including cases in which the Federal Circuit affirmed findings of inequitable conduct. Ex. A (Gonsalves Op. Rpt.) ¶¶ 103-125.

Dr. Gonsalves further opines on Mr. McIntosh's alleged failure to satisfy the duty of candor to disclose information material to patentability, including his opinions regarding Mr. McIntosh's subjective "intent to deceive the PTO in order to obtain [the] patent." Ex. A (Gonsalves Op. Rpt.) ¶¶ 126-149; Ex. B (Gonsalves Reply Rpt.) ¶¶ 138-178.

## V.     ARGUMENT

Rule 702 governs the admissibility of qualified expert testimony and only allows expert opinion testimony if it is based on "scientific, technical, or other specialized knowledge" by a qualified expert and if it "will help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702. "Rule 702 embodies three distinct substantive restrictions on the admission of expert testimony: qualifications, reliability, and fit." *Elcock v. Kmart Corp.*, 233 F.3d 734, 741 (3d Cir. 2000).

The Supreme Court has assigned "to the trial judge the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 597 (1993). The proffering party has the burden to establish by a preponderance of the evidence that the testimony is reliable. *Id*. at 592, n.10. To be reliable, "the expert's opinion must be based on the methods and procedures of science rather than on subjective belief or unsupported speculation" and "the expert must have good grounds for his or her belief."

3

*Calhoun v. Yamaha Motor Corp., U.S.A*., 350 F.3d 316, 321 (3d Cir. 2003) (internal quotation marks and citation omitted).

The *Daubert* principles apply in a bench trial in generally the same manner as in a jury trial. *Chase Manhattan Mortg. Corp. v. Advanta Corp*., No. CIV.A. 01-507 (KAJ), 2004 WL 422681, at *9 (D. Del. Mar. 4, 2004); *PureWick Corp. v. Sage Prod., LLC*, No. CV 19-1508 (MN), 2021 WL 2593338, at *2, n.3 (D. Del. June 24, 2021) ("[I]n this district . . . we have a very consistent view . . . that [testimony of patent law experts] are not helpful. And not only do we mostly exclude them on bench trials, but in jury trials they are so severely limited." Such "testimony is unhelpful and inappropriate in that it substitutes the judgment of the expert for that of the Court.").

## VI. OPINIONS OF DR. GONSALVES ON PATENT LAW AND INEQUITABLE CONDUCT SHOULD BE EXCLUDED

### 1. Dr. Gonsalves' Testimony Regarding Patent Law, Including Inequitable Conduct, Is An Improper Attempt to Instruct the Court on the Law and Offer Impermissible Legal Opinions

Although Dr. Gonsalves classifies his opinions as concerning "United States patent practice and procedures," generally, and specifically with respect to the '681 patent (*see* Ex. A (Gonsalves Op. Rpt.) ¶ 1), his reports center on his legal opinions regarding caselaw, as well as legal analysis and legal conclusions on substantive issues of the case. Such opinions would be wholly impermissible if offered to a jury. While Milwaukee has recognized that the issue of inequitable conduct is tried to the Court, not the jury,[1] such opinions have zero probative value in a bench trial.

Courts in this District "ha[ve] a well-established practice of excluding the testimony of legal experts, absent extraordinary circumstances." *AstraZeneca UK Ltd. v. Watson Lab'ys, Inc. (NV)*, No. CA 10-915-LPS, 2012 WL 6043266, at *1 (D. Del. Nov. 14, 2012) (excluding patent law

---

[1] Milwaukee confirmed that "they do not anticipate Dr. Gonsalves testifying in front of the jury but do reserve [their] right to have him testify before the court for any bench trial addressing Milwaukee's inequitable conduct claim." *See* Ex. C.

4

expert testimony, including on procedures at the PTO) (internal citations omitted); *Berckeley Inv. Grp., Ltd. v. Colkitt*, 455 F.3d 195, 217 (3d Cir. 2006) ("The District Court has discretion to determine whether expert testimony will help the trier of fact . . . In utilizing that discretion, however, the District Court must ensure that an expert does not testify as to the governing law of the case.") (internal citations omitted). Particularly, "[t]he law of this district is clear that experts in patent cases may not opine on whether a party engaged in inequitable conduct, discuss whether certain information was material to a pending patent application, or otherwise provide legal conclusions on 'substantive issues of patent law.'" *Brigham & Women's Hosp. Inc. v. Teva Pharms. USA, Inc*., No. CIV.A. 08-464, 2010 WL 3907490, at *2 (D. Del. Sept. 21, 2010) (citing cases); *Shire Viropharma Inc. v. CSL Behring LLC*, No. CV 17-414, 2021 WL 1227097, at *16 (D. Del. Mar. 31, 2021) (excluding patent law expert testimony regarding legal requirements and legal conclusions on the inequitable conduct). "Similarly, in this district parties are generally not permitted to explain patent prosecution histories through expert testimony." *Brigham & Women's Hosp.*, 2010 WL 3907490, at *2. Indeed, "descriptions of the law and instructions on the law are matters for the court" and any "such testimony frequently amounts to the proffering of impermissible legal opinions." *AstraZeneca*, 2012 WL 6043266, at *1 (citations omitted); *Shire Viropharma*, 2021 WL 1227097, at *16 (excluding patent law expert testimony regarding legal requirements and conclusions on the duty of candor and inequitable conduct as improper legal opinions); *see also Lannett Co. Inc. v. KV Pharm., Drugtech Corp*., No. CV 08-338-JJF, 2009 WL 10657988, at *4 (D. Del. Mar. 9, 2009) (excluding legal expert opinions as an improper attempt "to offer testimony on the ultimate legal issue in the case"—patent unenforceability due to alleged inequitable conduct—"usurping the role of the trial judge"); *see also PureWick Corp.,* 2021 WL 2593338, at *2, n.3 (noting that this Court traditionally excludes patent law expert testimony

5

regarding legal issues tried to the bench such as inequitable conduct). Dr. Gonsalves' expert reports include all such impermissible testimony.

The opening report of Dr. Gonsalves demonstrates that Milwaukee intends to offer him as an expert on the legal standards and case law, as well as legal opinions, including summaries and interpretations of: (a) the U.S. laws and regulations generally relating to patents and patent prosecution (Ex. A ¶¶ 28-32); (b) legal requirements for patent applications and parts thereof, including the legal standard for written description and enablement (Ex. A ¶¶ 33-43); (c) legal requirements for filing and prosecuting a patent application (Ex. A ¶¶ 44-48); (d) legal requirements for claiming the benefit of the filing date of an earlier filed application (Ex. A ¶¶ 49-53); (e) "the rules and procedures that govern patent application examination" and a legal opinion that the "USPTO procedures for examination of patent application were not followed" (Ex. A ¶¶ 54-56); (f) legal requirements imposed on applicants and patent examiners during patent prosecution (Ex. A ¶¶ 57-75); (g) legal requirements relating to the duty of candor and good faith, and duty of disclosure (Ex. A ¶¶ 76-81); and expert explanation and interpretation of the '681 patent and its prosecution history (Ex. A ¶¶ 82-102). These sections are infused with citations to statutes, regulations, and legal precedent, as well as Dr. Gonsalves's opinions on the law, beyond mere overview of "internal PTO practices and procedures." *Shire Viropharma*, 2021 WL 1227097, at *16 (excluding improper legal analysis and opinions by a patent law expert despite his suggestion that his testimony is simply about "internal PTO practices and procedures," which rarely may be allowed if no impermissible legal opinions are offered or otherwise the expert does not usurp the function of the Court) (citing cases). In short, paragraphs 28-102 of Dr. Gonsalves' opening report demonstrate an improper attempt to instruct the Court on the applicable law, and to offer legal conclusions. These sections of Dr. Gonsalves' report should be excluded. *See, e.g.*, *AstraZeneca UK*, 2012 WL 6043266, at *2

(excluding legal expert report, including on procedures at the PTO, as "not . . . helpful to the Court.").

The opening and reply reports of Dr. Gonsalves further demonstrate that Milwaukee intends that he offer opinions, legal analysis, and conclusions, concerning the alleged inequitable conduct and the duty of candor. Ex. A (Gonsalves Op. Rpt.) ¶¶ 103-149; Ex. B (Gonsalves Reply Rpt.) ¶¶ 138-178. Dr. Gonsalves offers his opinions regarding his legal analysis of what he considers to be the "relevant case law" and with regard to his "understanding of the current state of the law," including his legal analysis of caselaw concerning inequitable conduct, the duty of candor, and the duty of disclosure of information material to patentability imposed on patent practitioners and inventors. Ex. A ¶¶ 103-125. He further opines on the alleged inequitable conduct and breach of duty of candor before the Patent Office, including: (a) legal opinions on allegedly material misconduct due to filing allegedly false declaration by Mr. McIntosh (Ex. A ¶¶ 126-133; Ex. B ¶¶ 138-148 appearing on pages 4-7[2]); (b) legal analysis and conclusions regarding an alleged failure to show reasonable inference from purported failure to disclose material prior art information other than an intent to deceive (Ex. A ¶¶ 134-135, 146-148; Ex. B ¶¶ 145-147 appearing on pages 7-8, ¶¶ 164-166 appearing on pages 15-16); (c) legal opinions regarding prior art materiality (Ex. A ¶¶ 136-145; Ex. B ¶¶ 148-163 appearing on pages 8-15); and (d) legal opinions and characterizations regarding prior art, including if it was non-cumulative to other considered information (Ex. B ¶¶ 167-177).

---

[2] The numbering of paragraphs in of Dr. Gonsalves' reply expert report is incorrect and misplaced. On page 4, paragraph "11" follows by paragraph "116" and then by paragraph "138." On page 7, after paragraph "148," there is paragraph "145." To avoid any confusion, the references are provided to both page and paragraph numbers, where applicable.

All of this is impermissible. "[E]xperts in patent cases may not opine on whether a party engaged in inequitable conduct, discuss whether certain information was material to a pending patent application, or otherwise provide legal conclusions on 'substantive issues of patent law.'" *Brigham*, 2010 WL 3907490, at *2. Dr. Gonsalves's opinions on whether the prior art cumulative is likewise improper. *W.L. Gore & Assocs., Inc. v. C.R. Bard, Inc.*, No. CV 11-515-LPS-CJB, 2015 WL 12815314, at *4 (D. Del. Nov. 20, 2015) (excluding various patent law expert opinions, including opinions on materiality of prior art and if it was cumulative to other information submitted to the PTO).

While every case is different, and while every *Daubert* motion considered on its merits, it is worth a mention that another court has previously barred Dr. Gonsalves from offering similar opinions. *See* Ex. D, *Applied Cap., Inc. v. ADT Corp.,* No. 1:16-CV-00815, 2021 WL 1339379, at *3 (D.N.M. Apr. 9, 2021) (excluding testimony of Dr. Gonsalves involving his "purported conclusions with respect to [the] topics" of "patent rules, procedure, and terminology, testimony about the patents, and evidence related to prosecution history" because "testimony that invades the province of the factfinder is not appropriate.").

Thus, the Court should exclude paragraphs 28-125 and 131-149 of Dr. Gonsalves' opening report and paragraphs 138-178 of Dr. Gonsalves' reply report, and preclude his testimony on any issue, as an improper attempt to instruct the Court on the applicable law and to offer legal analysis and conclusions about substantive issues of the case.

### 2. Dr. Gonsalves' Opinions on Alleged Intent to Deceive the PTO Are Likewise Improper As a Matter of Law

Dr. Gonsalves' opinions regarding the alleged intent of Mr. McIntosh to deceive the PTO should also be excluded as improper, given that they are also based on speculative and unreliable grounds, and where Dr. Gonsalves has no special expertise in divining the intent of anyone.

8

"[E]xpert witnesses are not permitted to testify regarding intent, motive, or state or mind, or evidence by which such state of mind may be inferred." *AstraZeneca*, 2012 WL 6043266, at *2 (citations and quotation marks omitted); *see also In re Rosuvastatin Calcium Pat. Litig.*, No. CIV. 07-359-JJF-LPS, 2009 WL 4800702, at *8 (D. Del. Dec. 11, 2009) (excluding expert opinions as to evidence of state-of-mind or intent to deceive the PTO by the patentee); *Shire Viropharma*, 2021 WL 1227097, at *6 (excluding portions of expert testimony on subjective motivations or state of mind); *Greatbatch Ltd. v. AVX Corp.*, No. CV 13-723-LPS, 2017 WL 3176179, at *2 (D. Del. July 20, 2017), *aff'd*, 813 F. App'x 609 (Fed. Cir. 2020) (striking expert opinions as to the state of mind and intent). This is precisely what Dr. Gonsalves seeks to do.

For example, Dr. Gonsalves's reports include his wholly subjective opinions that: (a) "Mr. McIntosh failed to provide any explanation for filing a Declaration that *he knew was false* other than that he *intended to deceive* the PTO ... Mr. McIntosh set forth no other reasonable inference that can be drawn except that *he intended to deceive the PTO* to overcome the cited prior art and obtain allowance of his patent" (Ex. A ¶ 135; *see also* Ex. B ¶ 146 appearing on page 8); (b) "Mr. McIntosh failed to provide any explanation for his failure to disclose the Milwaukee Tool prior art saws, including model 6225, other than that *he intended to deceive* the PTO" (Ex. A ¶ 146; *see also* Ex. B ¶ 164); (c) "Mr. McIntosh failed to provide any explanation for withholding this material prior art other than *having an intent to deceive* the PTO in order to obtain his patent" (Ex. A ¶ 147; *see also* Ex. B ¶ 165); (d) "Mr. McIntosh thus *understood* that a focus of his claimed invention was on the ability to use the bandsaw with one hand ... [yet] Mr. McIntosh withheld material prior art ... Mr. McIntosh provided no other reasonable inference from his failure to disclose these prior art bandsaws, such as the 6225, other than that *he intended to deceive the PTO* and withhold material prior art to obtain his patent" (Ex. A ¶ 148; *see also* Ex. B ¶ 166); and others (emphasis added).

Dr. Gonsalves is not the finder of fact and has no special expertise with regard to any of these opinions. His opinions regarding Mr. McIntosh's alleged state of mind or intent to deceive the PTO should be excluded. *See, e.g.*, *Victaulic Co. v. ASC Engineered Sols., LLC*, No. CV 20-887-GBW, 2022 WL 17250376, at *8 (D. Del. Nov. 28, 2022) (excluding "expert testimony as to intent, motive, or state of mind [as it] offers no more than the drawing of an inference from the facts of the case, which merely substitutes the expert's judgment for the jury's and would not be helpful to the jury" and "its probative value is substantially outweighed by a danger of . . . wasting time, or needlessly presenting cumulative evidence") (internal citations and quotation marks omitted); *see also In re Rosuvastatin Calcium Pat. Litig.*, No. CIV. 07-359-JJF-LPS, 2009 WL 4800702, at *8 (D. Del. Dec. 11, 2009), report and recommendation adopted, No. CIV.A 07-805-JJF, 2010 WL 661599 (D. Del. Feb. 19, 2010) (excluding expert arguments, assumptions, and inferences as to supposed state of mind or intent to deceive the PTO); *Shire Viropharma*, 2021 WL 1227097, at *5 ("[E]xpert witnesses are not permitted to testify regarding intent, motive, or state of mind, or evidence by which such state of mind may be inferred . . . the question of intent constitutes a classic jury question and not one for experts.") (internal citations and quotation marks omitted).

## VII.   CONCLUSION

For the foregoing reasons, Persawvere respectfully requests the Court exclude Dr. Gonsalves' opinions in which he regarding the governing law (including on the issues of inequitable conduct and the duty of candor), and opinions regarding any subjective issues, including alleged intent, motive, or state of mind to deceive the Patent Office, including the opinions in paragraphs 28-125 and 131-149 of Dr. Gonsalves' opening report and paragraphs 138-178 of Dr. Gonsalves' reply report.

|  |  |
|---|---|
| Dated: July 21, 2023 | FISH & RICHARDSON P.C.<br><br>By: */s/ Kelly Allenspach Del Dotto*<br>Susan E. Morrison (No. 4690)<br>Kelly Allenspach Del Dotto (No. 5969)<br>Grayson P. Sundermeir (No. 6517)<br>222 Delaware Avenue, 17th Floor<br>Wilmington, DE 19801<br>Telephone: (302) 652-5070<br>morrison@fr.com<br>kad@fr.com<br>sundermeir@fr.com<br><br>Kurt L. Glitzenstein<br>FISH & RICHARDSON P.C.<br>One Marina Park Drive<br>Boston, MA 02210<br>(617) 521-7042<br>glitzenstein@fr.com<br><br>*Attorneys for Plaintiff*<br>*Persawvere, Inc.* |

11