# EXHIBIT C

| | |
|---|---|
| **From:** | Doukas, Maria E. <maria.doukas@morganlewis.com> |
| **Sent:** | Friday, May 19, 2023 4:52 PM |
| **To:** | Grayson Sundermeir; scott.sherwin@morganlewis.com; jason.white@morganlewis.com; amy.dudash@morganlewis.com |
| **Cc:** | Kelly Del Dotto; Susan Morrison; Kurt Glitzenstein |
| **Subject:** | RE: Persawvere v. Milwaukee (C.A. 21-400) | Expert Opinions re: Indefiniteness and Inequitable Conduct |

[This email originated outside of F&R.]

Counsel,

As to your first point, we disagree that there is no legitimate basis to maintain the indefiniteness arguments as outlined in Dr. Nayfeh's report. Milwaukee has included these arguments in order to preserve them to raise on any potential appeal and to preserve its arguments based on Persawvere's interpretation of these claim terms, as evidenced in its final infringement contentions and now opening infringement reports. Milwaukee maintains its belief that these terms are indefinite and has thus included this analysis in its opening expert report. As a general rule, the district court can also revisit its claim construction holdings. *See, e.g.*, *Conoco, Inc. v. Energy & Envt'l Int'l, LC*, 460 F.3d 1349, 1359 (Fed. Cir. 2006) ("We have recognized that district courts may engage in 'rolling claim construction, in which the court revisits and alters its interpretation of the claim terms as its understanding of the technology evolves.'").

==As to your second point, we do not anticipate Dr. Gonsalves testifying in front of the jury but do reserve our right to have him testify before the court for any bench trial addressing Milwaukee's inequitable conduct claim. We also reserve our right to elicit testimony regarding opinions within Dr. Gonsalves' report from witnesses at the jury trial.==

Finally, we note that Dr. Reinholtz's expert report includes arguments that certain claim elements are infringed under the doctrine of equivalents. See, e.g., ¶¶149-150, 162-163, 170-171, 177-178. Milwaukee intends to move to strike these DOE arguments. Please provide a time next week to meet and confer. Plaintiff did not disclose these theories during fact discovery in its response to Interrogatory No. 4 nor did it disclose them in its final infringement contentions. It thus waived any right to rely on a doctrine of equivalents argument in its opening expert report. To the extent Plaintiff believes that it properly disclosed its doctrine of equivalents theories during fact discovery, please provide us with a citation to where it believes that information may be found.

Regards,
Maria


**Maria E. Doukas**
**Morgan, Lewis & Bockius LLP**
110 North Wacker Drive | Chicago, IL 60606
Direct: +1.312.324.1454 | Main: +1.312.324.1000 | Fax: +1.312.324.1001
Mobile: +1.773.677.6608
maria.doukas@morganlewis.com | www.morganlewis.com
Assistant: Cynthia Lewis | +1.312.324.1583 | cynthia.lewis@morganlewis.com

---

**From:** Grayson Sundermeir <Sundermeir@fr.com>
**Sent:** Thursday, May 18, 2023 7:53 PM

**To:** Sherwin, Scott D. <scott.sherwin@morganlewis.com>; White, Jason C. <jason.white@morganlewis.com>; Dudash, Amy M. <amy.dudash@morganlewis.com>; Doukas, Maria E. <maria.doukas@morganlewis.com>
**Cc:** Kelly Del Dotto <allenspach.del.dotto@fr.com>; Susan Morrison <morrison@fr.com>; Kurt Glitzenstein <Glitzenstein@fr.com>
**Subject:** Persawvere v. Milwaukee (C.A. 21-400) | Expert Opinions re: Indefiniteness and Inequitable Conduct

[EXTERNAL EMAIL]

Counsel:

We are writing to address two issues regarding the opening expert reports of Dr. Nayfeh and Dr. Gonsalves.

Dr. Nayfeh's opening report regarding invalidity includes opinions on indefiniteness under Section 112 wherein Dr. Nayfeh simply "incorporate[s] by reference the entirety of [his] declaration submitted during claim construction." *See, e.g.*, ¶¶ 509-510.  Given that the Court already considered—and rejected—Dr. Nayfeh's opinions set forth in this declaration (D.I. 85), we do not see any legitimate basis for Milwaukee and Dr. Nayfeh to re-advance these same arguments, and to put Persawvere to the expense and burden of having to respond to them.  We accordingly intend to move to strike these portions, and request, in advance of a meet and confer on the issue, any authority or argument that Milwaukee has for re-raising these arguments.

Regarding the inequitable conduct report of Dr. Gonsalves, to the extent Milwaukee is permitted to raise this defense, the issues unique to inequitable conduct, such as intent, are for the court to decide, not the jury.  While we also have objections to much of the content of his report, including opining on the law and on mental state, so we can assess our options we would like to understand Milwaukee's position on whether any of Dr. Gonsalves' opinions can or should be presented to the jury, and if so, on what authority.

Regards,
Grayson

**Grayson P. Sundermeir ::** Fish & Richardson P.C. **::** 302 778 8447

***************************************************************************************************
This email message is for the sole use of the intended recipient(s) and may contain confidential
and privileged information. Any unauthorized use or disclosure is prohibited. If you are not the
intended recipient, please contact the sender by reply email and destroy all copies of the original
message.
***************************************************************************************************