# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PERSAWVERE, INC.,<br><br>       Plaintiff,<br><br>    v.<br><br>MILWAUKEE ELECTRIC TOOL CORPORATION,<br><br>       Defendant. | C.A. No. 21-400-GBW |

## PLAINTIFF PERSAWVERE, INC.'S REPLY BRIEF IN SUPPORT OF ITS *DAUBERT* MOTION TO EXCLUDE EXPERT TESTIMONY OF <u>GREGORY GONSALVES, PH.D.</u>

Dated: August 4, 2023

Susan E. Morrison (No. 4690)
Kelly Allenspach Del Dotto (No. 5969)
Grayson P. Sundermeir (No. 6517)
FISH & RICHARDSON P.C.
222 Delaware Avenue, 17th Floor
Wilmington, DE 19801
Telephone: (302) 652-5070
morrison@fr.com
kad@fr.com
sundermeir@fr.com

Kurt L. Glitzenstein
FISH & RICHARDSON P.C.
One Marina Park Drive
Boston, MA 02210
(617) 521-7042
glitzenstein@fr.com

*Attorneys for Plaintiff Persawvere, Inc.*

**TABLE OF CONTENTS**

                                                     **Page**

I. INTRODUCTION ................................................................................................................. 1

II. DR. GONSALVES' SO-CALLED "FACTUAL BACKGROUND" TESTIMONY COVERING LEGAL STANDARDS AND CASE LAW SHOULD BE EXCLUDED ........................................................................................................................ 1

III. DR. GONSALVES' LEGAL OPINIONS ON INTENT TO DECEIVE THE PTO SHOULD BE EXCLUDED ....................................................................................................... 4

IV. CONCLUSION ...................................................................................................................... 4

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Applied Cap., Inc. v. ADT Corp.*,
   No. 1:16-CV-00815, 2021 WL 1339379 (D.N.M. Apr. 9, 2021)..........................................3, 4

*AstraZeneca UK Ltd. v. Watson Lab'ys, Inc. (NV)*,
   2012 WL 6043266 (D. Del. Nov. 14, 2012) ......................................................................2, 3

*Brigham & Women's Hosp. Inc. v. Teva Pharms. USA, Inc.*,
   No. 08-464, 2010 WL 3907490 (D. Del. Sept. 21, 2010).....................................................2, 3

*Corning Inc. v. SRU Biosystems*,
   No. CIV.A. 03-633 JJF, 2004 WL 5523178 (D. Del. Nov. 5, 2004).........................................3

*Flickinger v. Toys R Us-Delaware, Inc.*,
   492 F. App'x 217 (3d Cir. 2012) ............................................................................................2

*L'Oreal S.A. v. Revlon Consumer Prod. Corp.*,
   2008 WL 5868688 (D. Del. Sept. 30, 2008) ..........................................................................3

*Lannett Co. Inc. v. KV Pharm., Drugtech Corp.*,
   No. CV 08-338-JJF, 2009 WL 10657988 (D. Del. Mar. 9, 2009)............................................2

*PureWick Corp. v. Sage Prod., LLC*,
   2021 WL 2593338 (D. Del. June 24, 2021).......................................................................1, 3

*Sundance, Inc. v. DeMonte Fabricating Ltd.*,
   550 F.3d 1356 (Fed. Cir. 2008)...............................................................................................3

**Other Authorities**

Fed. R. Evid. 702 .................................................................................................................1

I.       **INTRODUCTION**

Milwaukee's opposition attempts to re-characterize improper legal opinions offered by Dr. Gonsalves to save his opinions from exclusion. Milwaukee, however, cannot ignore the ample caselaw that Plaintiff cited in its Opening Brief (D.I. 138) finding that testimony regarding patent law, including his interpretations of the legal standards for inequitable conduct and testimony on Mr. McIntosh's alleged intent to deceive the PTO, is impermissible. First, Dr. Gonsalves' legal opinions regarding PTO procedures and the state of inequitable conduct law are not helpful to the ultimate factfinder, this Court. Second, Dr. Gonsalves' speculation and subjective opinions on Mr. McIntosh's intent to deceive the PTO attempts to substitute Dr. Gonsalves' judgment for the Court's, which is improper. Milwaukee has failed to prove that any of Dr. Gonsalves' challenged testimony is proper under Federal Rule of Evidence 702.

II.      **DR. GONSALVES' SO-CALLED "FACTUAL BACKGROUND" TESTIMONY COVERING LEGAL STANDARDS AND CASE LAW SHOULD BE EXCLUDED**

Milwaukee incorrectly contends that Dr. Gonsalves should be permitted to offer the Court self-serving summaries of legal standards and case law because these summaries are just "factual background" and "framework" regarding "opinions" about the inequitable conduct defense, including its two prongs—intent and materiality. Opp. at 3.[1] Simply put, what Milwaukee is arguing is that Dr. Gonsalves' offered testimony on the legal standards and case law are not legal opinions, but "facts." This is not the case and improper as a matter of law.

As this Court explained, for example, in *PureWick Corp. v. Sage Prod., LLC*—the case Milwaukee never responds to—"legal testimony on substantive issues of patent law or Patent Office procedure improperly substitutes the judgment of the expert for that of the Court." 2021 WL 2593338, at *1 (D. Del. June 24, 2021) (excluding a patent law expert's "instructions about patent

---

[1] Discussing D.I. 138-1, Ex. A (Gonsalves Op. Rpt.) ¶¶ 28-81, 103-125.

law, patent regulations and arguments about what patent practitioners purport to understand" as "unhelpful and inappropriate"). *See also AstraZeneca UK Ltd. v. Watson Lab'ys, Inc. (NV)*, 2012 WL 6043266, at *1 (D. Del. Nov. 14, 2012) (another case Milwaukee does not respond to, excluding the testimony of a legal expert, including his "descriptions of the law and instructions on the law" and "procedures at the PTO," as not helpful to the Court and improper) (citing cases); *Lannett Co. Inc. v. KV Pharm., Drugtech Corp.*, No. CV 08-338-JJF, 2009 WL 10657988, at *5 (D. Del. Mar. 9, 2009) (yet another case not addressed by Milwaukee in which similar legal expert opinions have been excluded as "usurp[ing] the role of the trial judge"). The result in this case should not be different—Dr. Gonsalves' testimony about legal standards and case law should be excluded.

Similarly, the remaining sections of Dr. Gonsalves' reports are nothing more than legal analysis and conclusions about alleged misconduct (surrounding the declaration by Mr. McIntosh), materiality of alleged misrepresentations to the Patent Office, and purported intent to deceive the Patent Office. D.I. 138-1, Ex. A (Gonsalves Op. Rpt.) ¶¶ 126-149; *see also* D.I. 138-2, Ex. B (Gonsalves Reply Rpt.) ¶¶ 138-178. When Dr. Gonsalves makes statements like "Mr. McIntosh's filing of a false Declaration before the PTO is thus material misconduct" (Ex. A, ¶ 133) or "Mr. McIntosh failed to show any reasonable inference from filing a false declaration other than an intent to deceive" (Ex. A, ¶ 149), he is making a legal conclusion in an attempt to substitute his judgment for the judgment of this Court. All of these statements are impermissible. *Brigham & Women's Hosp. Inc. v. Teva Pharms. USA, Inc.*, No. 08-464, 2010 WL 3907490, at *2 (D. Del. Sept. 21, 2010); *see also Flickinger v. Toys R Us-Delaware, Inc.*, 492 F. App'x 217, 224 (3d Cir. 2012) (noting that the Federal Rules of Evidence do not permit expert testimony as to legal conclusions).

Milwaukee also asserts that Dr. Gonsalves' testimony about "Patent Office [practice and] procedures" should be permitted. Opp. at 2-3. But since the inequitable conduct defense is to be tried before the bench trial in this case, PTO practices and procedures testimony will serve no useful purpose and would only waste the Court's and the parties' time. *See, e.g.*, *PureWick*, 2021 WL 2593338, at *1 (excluding expert testimony on substantive issues of patent law and Patent Office procedures); *AstraZeneca*, 2012 WL 6043266, at *2 (same). Likewise, Dr. Gonsalves' testimony about the prosecution history is improper. *AstraZeneca*, 2012 WL 6043266, at *1.

The cases which Milwaukee relies on in its opposition are inapposite. Opp. at 2-3. For example, in *L'Oreal S.A. v. Revlon Consumer Prod. Corp.*, the Court granted a motion *in limine* to limit the testimony of a patent law expert to "Patent and Trademark Office practice and procedure" only because this motion was unopposed. 2008 WL 5868688, at *1 (D. Del. Sept. 30, 2008). In *Sundance, Inc. v. DeMonte Fabricating Ltd.*, the Federal Circuit determined that a legal expert was not qualified to testify about infringement or validity, the topics which are not in dispute here. 550 F.3d 1356, 1361 (Fed. Cir. 2008). In *Brigham & Women's Hosp.*, this Court excluded the entirety of a patent law expert report "except to the extent that it explains the PTO's practices and procedures." 2010 WL 3907490, at *2. As evident from the Persawvere's opening brief, the *Brigham & Women's Hosp.* case is a rare exception and other legal precedents of this Court prove the opposite is more common practice in non-jury cases. *PureWick*, 2021 WL 2593338, at *1 (excluding testimony about PTO practices and procedures); *Corning Inc. v. SRU Biosystems*, No. CIV.A. 03-633 JJF, 2004 WL 5523178, at *1 (D. Del. Nov. 5, 2004) (same); *AstraZeneca*, 2012 WL 6043266, at *2 (same).

Finally, Milwaukee attempts to explain (unsuccessfully) why similar Dr. Gonsalves' testimony was excluded in another court. Opp. at 4 (discussing *Applied Cap., Inc. v. ADT Corp.*,

3

No. 1:16-CV-00815, 2021 WL 1339379 (D.N.M. Apr. 9, 2021)).  The Court in the *Applied Cap.* case excluded Dr. Gonsalves' testimony "as to his purported conclusions" concerning materiality and intent—two prongs of inequitable conduct defense.  *Applied Cap.*, 2021 WL 1339379, at *8. The Court only allowed his testimony as to patent rules, procedure, and terminology, because this testimony was found to be helpful to the jurors, to whom these topics are often foreign.  *Id*.  Here, Dr. Gonsalves will testify at a bench trial, negating any benefit the New Mexico district court saw for this testimony.  Dr. Gonsalves' testimony as to PTO procedure and practice should be excluded along with his other legal opinions regarding inequitable conduct.

### III. DR. GONSALVES' LEGAL OPINIONS ON INTENT TO DECEIVE THE PTO SHOULD BE EXCLUDED

Dr. Gonsalves' opinions on Mr. McIntosh's state of mind, including his "reasonable inferences" regarding the same, and the testimony regarding what Milwaukee calls "materiality underlying intent," should be excluded.  *See* Mot. 8-10 (providing examples of Dr. Gonsalves' testimony where he opines on Mr. McIntosh's alleged intent to deceive by misrepresenting material information); *see generally* D.I. 138-1, Ex. A ¶¶ 134-149; D.I. 138-2, Ex. B ¶¶ 138-178.  This type of testimony is impermissible.  *See* Mot. at 9-10 (citing cases).  Here, it is telling that the Milwaukee agrees that it is for the Court to decide the issue of intent to deceive and does not even respond to many of the cases cited in Persawvere's opening brief.  Opp. at 4-5.

### IV. CONCLUSION

For the foregoing reasons, Persawvere respectfully requests the Court exclude Dr. Gonsalves' opinions regarding the governing law and any subjective issues, such as alleged intent to deceive the Patent Office, including the opinions in paragraphs 28-125 and 131-149 of Dr. Gonsalves' opening report and paragraphs 138-178 of his reply report.

Dated: August 4, 2023

FISH & RICHARDSON P.C.

By: */s/ Kelly Allenspach Del Dotto*
Susan E. Morrison (No. 4690)
Kelly Allenspach Del Dotto (No. 5969)
Grayson P. Sundermeir (No. 6517)
222 Delaware Avenue, 17th Floor
Wilmington, DE 19801
Telephone: (302) 652-5070
morrison@fr.com
kad@fr.com
sundermeir@fr.com

Kurt L. Glitzenstein
FISH & RICHARDSON P.C.
One Marina Park Drive
Boston, MA 02210
(617) 521-7042
glitzenstein@fr.com

*Attorneys for Plaintiff*
*Persawvere, Inc.*

5