# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PERSAWVERE, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>MILWAUKEE ELECTRIC TOOL, CORPORATION,<br><br>    Defendant. | C.A. No. 1:21-cv-00400-GBW<br><br>**JURY TRIAL DEMANDED**<br><br>■■■■■■■■■■ |

**DEFENDANT MILWAUKEE ELECTRIC TOOL CORPORATION'S OPPOSITION BRIEF TO PLAINTIFF'S MOTION TO EXCLUDE EXPERT TESTIMONY OF <u>DR. GREGORY GONSALVES</u>**

**TABLE OF CONTENTS**

**Page**

I.    DR. GONSALVES SHOULD BE PERMITTED TO TESTIFY AS AN EXPERT REGARDING PATENT OFFICE PROCEDURES, PROSECUTION HISTORY, AND UNDERLYING MATERIALITY ISSUES ............................................................. 1

      A.    Dr. Gonsalves Does Not Purport to Offer Opinions Regarding Legal Standards and Case Law. ....................................................................................... 2

      B.    Dr. Gonsalves's Opinions Regarding Materiality Underlying Intent to Deceive are Proper ..................................................................................................... 4

II.   CONCLUSION ............................................................................................................... 6

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Aevoe Corp. v. AE Tech Co.*,
   No. 2:12-CV-00053-GMN, 2014 WL 4182343 (D. Nev. Aug. 20, 2014) ................................5

*Applied Cap., Inc. v. ADT Corp.*,
   No. 1:16-cv-00815, 2021 WL 1339379 (D.N.M. Apr. 9, 2021)................................................4

*Brigham & Women's Hospital, Inc. v. Teva Pharmaceuticals USA, Inc*.,
   Civil Action No. 08-464, 2010 WL 3907490 (D. Del. Sept. 21, 2010).....................................2

*L'Oreal S.A. v. Revlon Consumer Prods. Corp*.,
   Civ. A. No. 98-424-SLR, 2008 WL 5868688 (D. Del. Sept. 30, 2008) ....................................2

*Liquid Dynamics Corp. v. Vaughan Co.*,
   No. 01-CV-6934, 2004 WL 2260626 (N.D. III. Oct. 1, 2004)...................................................5

*Minn. Mining & Mfg. Co. v. Appleton Papers, Inc.*,
   No. 4-95-786, 1998 WL 1054207 (D. Minn. June 24, 1998) ....................................................4

*Pfizer v. Teva Pharms USA, Inc.*,
   No. 04-754, 2006 WL 3041097 (D.N.J. Oct. 26, 2006) ............................................................4

*Shire Viropharma Inc. v. CSL Behring LLC*,
   No. CV 17-414, 2021 WL 1227097 (D. Del. Mar. 31, 2021).....................................................5

*Sundance, Inc. v. DeMonte Fabricating Ltd.*,
   550 F.3d 1356 (Fed. Cir. 2008).................................................................................................3

*United States v. Velasquez*,
   64 F.3d 844 (3d Cir. 1995).........................................................................................................1

Persawvere's *Daubert* motion to exclude the opinions of Milwaukee's inequitable conduct expert Gregory Gonsalves, Ph.D. is long on rhetoric and short on substance. Persawvere purports to transform Dr. Gonsalves's expert opinion regarding Patent Office procedures and prosecution of the application that led to the patent-in-suit into an opinion regarding patent law and an opinion regarding the ultimate issue of inventor Scott McIntonsh's intent to deceive the Patent Office. But Dr. Gonsalves does not opine on these issues because they are generally within the province of the fact-finder, which for inequitable conduct, is the Court. Dr. Gonsalves does cite law for background and to frame his analysis of how Patent Office procedures have been applied—a proper and common procedure in expert reports. Dr. Gonsalves also opines regarding materiality and the underlying inferences giving rise to an intent to deceive—something experts regarding inequitable conduct are permitted to do in this District and elsewhere. As such, Persawvere's motion is ultimately based on a mischaracterization of Dr. Gonsalves's intended testimony. Because Dr. Gonsalves will not invade the province of the Court as fact-finder, the Court should deny Persawvere's *Daubert* motion and allow Dr. Gonsalves to testify.

**I.      Dr. Gonsalves Should Be Permitted to Testify As an Expert Regarding Patent Office Procedures, Prosecution History, and Underlying Materiality Issues**

Federal Rule of Evidence 702 governs testimony by experts, and provides that a qualified expert may testify in the form of an opinion or otherwise if "specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue." Trial courts have broad discretion in determining whether to admit expert testimony. *See United States v. Velasquez*, 64 F.3d 844, 847-48 (3d Cir. 1995).

Here, there is no dispute that the Dr. Gonsalves—a former administrative patent judge and attorney with extensive experience practicing before the Patent Trial and Appeal Board at the United States Patent and Trademark Office ("Patent Office")—has specialized knowledge

1

regarding in patents, the patent application process, and the policies, practices and procedures of the Patent Office. *See, e.g.*, D.I. 138-1 ("Mot."), Ex. A ("Opening Rpt."), ¶¶ 6-8. Persawvere does not appear to meaningfully dispute this fact. Indeed, Persawvere's Motion is based solely on purported flaws with Dr. Gonsalves offering legal opinions regarding case law or an intent to deceive. But numerous paragraphs of Dr. Gonsalves' Opening Report do not even mention these issues. *See id.*, ¶¶ 1-38, 40, 44-62, 64-65, 67-74, 76-81, 81-102, 112-118, 126-133, 136-143. Accordingly, there is no basis for the Court to exclude Dr. Gonsalves from offering the opinions set forth in these paragraphs.

For the challenges Persawvere does raise to Dr. Gonsalves's opinions—namely that he proffers legal opinions and that he impermissibly opines regarding intent to deceive—Persawvere mischaracterizes the scope and purpose of his opinions, and fails to demonstrate that Dr. Gonsalves's opinions and anticipated testimony will not be helpful to the Court.

### A. Dr. Gonsalves Does Not Purport to Offer Opinions Regarding Legal Standards and Case Law.

As Persawvere acknowledges, Dr. Gonsalves provides opinions regarding "United States patent practice and procedures" (Mot. at 4 (quoting Opening Rpt., ¶ 1)). There is nothing improper about such opinions. Indeed, numerous courts in this District and elsewhere have held that expert witnesses may testify regarding Patent Office procedures, including many courts in cases Persawvere relies upon in its Motion. *See, e.g.*, *Brigham & Women's Hospital, Inc. v. Teva Pharmaceuticals USA, Inc.*, Civil Action No. 08-464, 2010 WL 3907490, at *2 (D. Del. Sept. 21, 2010) (denying motion to strike patent law expert's report except to the extent that it explains the Patent Office's practices and procedures because "the law permits experts in patent cases to offer such testimony"); *L'Oreal S.A. v. Revlon Consumer Prods. Corp.*, Civ. A. No. 98-424-SLR, 2008 WL 5868688, at *1 (D. Del. Sept. 30, 2008) (permitting patent law

2

expert to testify as to "matters of U.S. Patent and Trademark Office practice and procedure"); *see also Sundance, Inc. v. DeMonte Fabricating Ltd.*, 550 F.3d 1356, 1363 n.5 (Fed. Cir. 2008) ("[P]atent lawyers might offer testimony in contexts other than noninfringement and invalidity, such as patent office practice and procedure[.]").

In connection with explaining the Patent Office procedures, Dr. Gonsalves cites to background law and Patent Office procedures and manuals. *See* Opening Rpt., ¶¶ 28-81. He similarly cites legal standards for inequitable conduct and the duty of candor in order to place the factual background regarding these issues in context. *See id.*, ¶¶ 103-118. And, he provides pertinent legal background regarding how the Federal Circuit has interpreted the Patent Office disclosure requirements to frame his opinions regarding materiality. *See id.*, ¶¶ 103-118.

Persawvere interprets Dr. Gonsalves's discussion of this background legal framework to mean that he intends to offer opinions regarding "legal standards and case law," (Mot. at 6), but Persawvere is incorrect. Dr. Gonsalves does not intend to tell this Court what the law is—something the Court is already well-familiar with. As such, Persawvere's citation to a litany of authorities standing for the non-controversial point that the Court does not generally allow an expert to lecture regarding what the law is (*see id.* at 4-5) are inapposite to the scope of Dr. Gonsalves's opinions and anticipated testimony. Rather, paragraphs 28-81 and 103-125 of Dr. Gonsalves's Opening Report provide critical framework for the opinions he does proffer—not opinions regarding the law, but regarding Patent Office procedure, disclosure requirements, and issues bearing on materiality for the intent to deceive analysis. *See* Opening Rpt., ¶¶ 126-133. The Court should allow Dr. Gonsalves to provide legal background to inform his testimony, as needed.

3

Persawvere's contention that "another court has previously barred Dr. Gonsalves from offering similar opinions" does not undermine the propriety of his opinions in this case and is contrary to the very case Persawvere attached as Exhibit D to its motion. *See* Mot. at 8 (citing *Applied Cap., Inc. v. ADT Corp.*, No. 1:16-cv-00815, 2021 WL 1339379, at *3 (D.N.M. Apr. 9, 2021). In fact, the district court in *Applied Capital* expressly **permitted** Dr. Gonsalves to testify, finding that "[a]n explanation of patent rules, procedure, terminology, testimony about the patents, and evidence related to prosecution history may be relevant, reliable, and helpful[.]" *Id.* at *8. The same is true here: allowing Dr. Gonsalves to explain Patent Office procedure and provide the relevant legal and factual background to do so will be helpful. So too will allowing Dr. Gonsalves to explain the import of events that transpired during the prosecution of the patent-in-suit. *See Pfizer v. Teva Pharms USA, Inc.*, No. 04-754, 2006 WL 3041097, at *3 (D.N.J. Oct. 26, 2006) (permitting patent law expert "to testify as to Patent Office practice and procedure and factual information regarding the prosecution history of the applications that issued as the patents-in-suit"); *Minn. Mining & Mfg. Co. v. Appleton Papers, Inc.*, No. 4-95-786, 1998 WL 1054207, at *2 (D. Minn. June 24, 1998) (permitting patent law expert to offer "objective explanation of the patent application process, and the sequence of events that led to the [asserted] patent"). Indeed, the court in *Applied Capital* actually **denied** defendant's motion to exclude his testimony. *Applied Cap.*, 2021 WL 1339379, at *10.

**B.  Dr. Gonsalves's Opinions Regarding Materiality Underlying Intent to Deceive are Proper.**

Persawvere criticizes Dr. Gonsalves for purportedly "divining the intent" of inventor Scott McIntosh. Mot. at 8; *see also id.* at 7 (seeking exclusion of paragraphs 126-145 of Dr. Gonsalves's Opening Report and paragraphs 138-177 of Dr. Gonsalves's Reply Report). However, Dr. Gonsalves does not purport to tell the Court Mr. McIntosh's intent—an issue the Court will

4

ultimately need to decide. Instead, Dr. Gonsalves opines—based on his expert knowledge of the Patent Office procedures and the record evidence—that Mr. McIntosh's conduct "failed to show any reasonable inference from filing a false declaration other than an intent to deceive." Opening Rpt., ¶¶ 134-135, 146-148. Put simply, Dr. Gonsalves did not see evidence to rebut an intent to deceive the Patent Office (for example, a declaration from Mr. McIntosh correcting his false statements to the Patent Office). In support of this inference, Dr. Gonsalves considers the materiality of underlying prior art and the impact of failing to disclose it in declaration submission as is required under Patent Office procedures. *See id.*, ¶¶ 136-145. Such testimony will assist the Court in assessing whether Mr. McIntosh withheld material prior art and had an intent to deceive.

Recognizing the helpfulness of expert testimony regarding this topic, courts routinely allow expert testimony regarding materiality issues, including the materiality of withheld prior art. *See, e.g.*, *Shire Viropharma Inc. v. CSL Behring LLC*, No. CV 17-414, 2021 WL 1227097, at *30 (D. Del. Mar. 31, 2021) (collecting cases and noting "numerous courts . . . have permitted non-technical, patent-law experts to testify as to the materiality prong of the inequitable conduct inquiry-an inquiry which is analyzed from the perspective of the Patent Office, and distinguishing this from cases holding it is error to opine on ultimate issue); *Liquid Dynamics Corp. v. Vaughan Co.,* No. 01-CV-6934, 2004 WL 2260626, *7 (N.D. III. Oct. 1, 2004) (denying patentee's motion *in limine* seeking to exclude testimony from patent attorney on whether a withheld reference would have been material under the reasonable examiner standard); *Aevoe Corp. v. AE Tech Co.*, No. 2:12-CV-00053-GMN, 2014 WL 4182343, at *2 (D. Nev. Aug. 20, 2014) ("In contrast to inquiries into infringement and validity, the materiality prong of the inequitable conduct inquiry is analyzed from the perspective of the PTO. . . . Accordingly, an appropriate expert on

5

this topic could be an individual who has knowledge of and experience with the procedures of the PTO. Often, such an individual will be an attorney with experience practicing before the PTO.").

For all of these reasons, Persawvere is incorrect when it asserted that Dr. Gonsalves opines that Mr. McIntosh intended to deceive the Patent Office (Mot. at 8). Rather, based on his expert knowledge regarding Patent Office procedures and prosecution and review of the underlying evidence, Dr. Gonsalves properly opined regarding reasonable inferences from the record evidence (and lack of evidence in the record to correct Mr. McIntosh's false statements). *See, e.g.*, Opening Rpt., ¶¶ 134-135, 146-150. It will be up to the Court to make the ultimate determination of whether there was an intent to deceive the Patent Office, and Dr. Gonsalves's expert opinions can aid the Court in reaching the correct conclusion.

## II.     Conclusion

For the foregoing reasons, the Court should allow Dr. Gonsalves to present his opinions and analysis to the Court, and should deny Persawvere's *Daubert* motion.

Dated: July 28, 2023                                            Respectfully submitted,

                                                        MORGAN, LEWIS & BOCKIUS LLP

                                                        */s/ Amy M. Dudash*
                                                        Amy M. Dudash (DE Bar No. 5741)
                                                        1201 N. Market Street, Suite 2201
                                                        Wilmington, Delaware 19801
                                                        Telephone: 302.574.3000
                                                        Fax: 302.574.3001
                                                        amy.dudash@morganlewis.com

                                                        Jason C. White
                                                        Scott D. Sherwin
                                                        Maria E. Doukas
                                                        110 N. Wacker Drive, Suite 2800
                                                        Chicago, IL 60601-5094
                                                        Telephone: 312.324.1000
                                                        Fax: 312.324.1001
                                                        jason.white@morganlewis.com
                                                        scott.sherwin@morganlewis.com
                                                        maria.doukas@morganlewis.com

                                                        *Attorneys for Defendant Milwaukee*
                                                        *Electric Tool Corporation*

## CERTIFICATE OF SERVICE

The undersigned certifies that on July 28, 2023, a copy of Defendant Milwaukee Electric Tool Corporation's Opposition Brief to Plaintiff's Motion to Exclude Expert Testimony of Dr. Gregory Gonsalves, which was filed under seal, was served via electronic mail on the following counsel of record:

| | |
|---|---|
| Susan E. Morrison<br>Kelly Allenspach Del Dotto<br>Grayson P. Sundermeir<br>FISH & RICHARDSON P.C.<br>222 Delaware Avenue, 17th Floor<br>Wilmington, DE 19801<br>(302) 652-5070<br>morrison@fr.com<br>kad@fr.com<br>sundermeir@fr.com | Kurt L. Glitzenstein<br>FISH & RICHARDSON P.C.<br>One Marina Park Drive<br>Boston, MA 02210<br>(617) 521-7042<br>glitzenstein@fr.com |

*/s/ Amy M. Dudash*
Amy M. Dudash (DE Bar No. 5741)