IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

PERSAWVERE, INC.,

            Plaintiff,

v.

MILWAUKEE ELECTRIC TOOL
CORPORATION,

            Defendant.

C.A. No. 21-400-GBW

## MEMORANDUM ORDER

Having reviewed the proposed joint pretrial order (D.I. 211) submitted by Plaintiff Persawvere, Inc. ("Persawvere") and Defendant Milwaukee Electric Tool Corporation ("Milwaukee") regarding the jury trial scheduled to begin on December 4, 2023, **IT IS HEREBY ORDERED** that:

1. With respect to Persawvere's motion *in limine* number 1, Persawvere asks the Court to preclude testimony regarding bandsaws created by Milwaukee's expert Dr. David Levy. Persawvere's motion *in limine* number 1 is **DENIED**. Dr. Levy created saws that replace the handle of the Milwaukee 6225 saw with handle designed by Dr. Levy to capture certain features derived from combination references. D.I. 211, Ex. 13 at 2-3. Milwaukee contends that a person of ordinary skill in the art would have combined aspects of its 6225 band saw with aspects of Japanese patent publication JP04-046709 ("JP 709"). D.I. 153, Ex. 9 at 62-83. Milwaukee also contends that a person of ordinary skill in the art would have combined aspects of the 6225 band saw with aspects of JP 709, and U.S. Patent No. 2,596,081 ("the '081 Patent"). *Id.* at 84-107. In support, Dr. Levy built saws that incorporated elements of JP 709 with the 6225 band saw. *See* D.I. 211, Ex. 13 at 14.

1

Persawvere argues that the saws are not relevant and unduly prejudicial. *Id.* at 2-3. First, Persawvere argues that the saws do not reflect the prior art because Dr. Levy testified that he was trying to copy the function of the JP 709 handle, not its appearance. *Id.* at 3. Milwaukee responds that Dr. Levy relied on the JP 709 handle to create his understanding of why a POSITA would have been motivated to, and be capable of, developing a different handle for the Milwaukee 6225 handsaw. *Id.* at 14. Second, Persawvere argues that demonstrative evidence may cause the jury to inappropriately apply hindsight and unduly weigh Milwaukee's arguments concerning motivation to combine. *Id.* at 3.

The Court finds that the saws are relevant and are not unduly prejudicial. The saws were disclosed in Milwaukee's expert reports. *Id.* at 14. Thus, Persawvere had the opportunity to depose Milwaukee's experts regarding the saws and now has the opportunity to cross-examine Milwaukee's experts at trial. Accordingly, Persawvere arguments go to the weight, not admissibility, of the testimony because Persawvere can adequately challenge at trial whether Dr. Levy's constructed saws accurately represent the prior art and a POSITA's motivation to combine. *See, e.g., Corning Inc. v. SRU Biosystems*, 2005 WL 2465900 at *8 (D. Del. Oct. 5, 2005) (overruling FRE 403 objection to demonstrative exhibits because they were relevant and opposing party had adequate opportunity to cross-examine); *see also Young Dental Mfg. Co. v. Q3 Special Prods., Inc.*, 112 F.3d 1137, 1145-46 (Fed. Cir. 1997).

2. With respect to Persawvere's motion *in limine* number 2, Persawvere requests that the Court preclude Milwaukee from offering any evidence relating to Milwaukee's inequitable conduct claim to the jury. D.I. 211, Ex. 14. In response, Milwaukee asks the Court permission to present its inequitable conduct defense to the jury. *Id.* at 19.

2

The Court previously granted-in-part Persawvere's motion to exclude certain expert opinions of Dr. Gonsalves. D.I. 216. However, the Court found that Dr. Gonsalves's opinion on whether Mr. McIntosh made false statements to the PTO, and whether those statements were material is reliable. *Id.* Milwaukee argues that Dr. Gonsalves's opinion is relevant to Milwaukee's invalidity theory. D.I. 211, Ex. 14 at 18. The Court agrees. *See Microsoft Corp. v. i4i Ltd. P'ship*, 564 U.S. 91, 110–111 (2011) ("If the PTO did not have all material facts before it, . . . the challenger's burden to persuade the jury of its invalidity defense by clear and convincing evidence may be easier to sustain."). If Mr. McIntosh's statements to the PTO were false, then the PTO may have lacked material facts relevant to the issuance of the '681 patent. *See id.* Accordingly, Dr. Gonsalves may testify to the veracity of McIntosh's statements, and whether those statements were material. These matters are relevant to invalidity and, specifically, obviousness. *See id.*

However, the Court will not present the issue of inequitable conduct to the jury to decide because inequitable conduct is a matter for the Court to decide. *Paragon Podiatry Lab., Inc. v. KLM Labs., Inc.*, 984 F.2d 1182, 1190 (Fed. Cir. 1993). If necessary, the Court will schedule a one-day bench trial on inequitable conduct for an available date in the future. Thus, **IT IS HEREBY ORDERED** that Persawvere's motion *in limine* number 2 is **DENIED-IN-PART**. Likewise, Milwaukee's motion is **DENIED-IN-PART**.

3. Persawvere's motion *in limine* number 3 asks the Court to preclude Milwaukee from presenting evidence on any pre-litigation center of gravity testing on the Accused Products. D.I. 211, Ex. 15. Persawvere argues that Milwaukee is using privilege as both a sword and shield because Milwaukee's witnesses asserted privilege with respect to the substance of

3

Milwaukee's IP clearance program. *Id.* Milwaukee contends that it does not "intend to elicit testimony at trial regarding the substance of privileged advice its counsel gave, nor any 'center of gravity' measurements obtained from privileged testing." *Id.* at 24. The Court issued an oral ruling during the November 17, 2023 hearing ordering Milwaukee to submit for *in camera* review the documents related to its clearance program that Milwaukee contends are privileged. Having reviewed the documents submitted by Milwaukee, the Court finds that Milwaukee did not improperly invoke privilege to avoid production of documents relevant to any non-privileged testing conducted by Milwaukee. Accordingly, the Court **GRANTS-IN-PART** and **DENIES-IN-PART** Persawvere's motion. Milwaukee may not rely on the advice its counsel provided on the center of gravity of the Accused Products because Milwaukee asserted privilege with respect to that advice. *See CP Kelco US. Inc. v. Pharmacia Corp.*, 213 F.R.D. 176, 179 (D. Del. 2003). However, Milwaukee's witnesses did testify to non-privileged center of gravity testing. *See* D.I. 211, Ex. C at 108:1-111:4. Thus, Milwaukee may present evidence of its non-privileged pre-litigation center of gravity testing.

4. With respect to Milwaukee's motion *in limine* number 1, Milwaukee requests the Court preclude Persawvere from presenting evidence that unclaimed features are required limitations. D.I. 211, Ex. 16. Milwaukee's motion *in limine* number 1 is **DENIED-AS-PREMATURE**. Milwaukee argues that Persawvere could, for example, attempt to distinguish the prior art by arguing that a prior art handsaw does not fall within the scope of the claims because the handsaw is not "lightweight." *Id.* at 29. Lightweight is not a claim limitation, but a "lightweight" saw is discussed in the specification. *Id.* (citing the '681 patent at 1:37-40, 44-46). However, Milwaukee does not contend that Persawvere

4

plans to make the argument that a saw does not infringe unless it is "lightweight." *Id.* Moreover, Milwaukee does not cite any statement from Persawvere that Milwaukee believes is an improper application of the Court's construction. *See id.* Accordingly, the Court denies the motion. If, during trial, Milwaukee identifies statements it believes misapply the Court's construction, Milwaukee may raise an objection at that time.

5. With respect to Milwaukee's motion *in limine* number 2, Milwaukee requests that the Court preclude Persawvere from introducing evidence of Milwaukee's invocation of privilege. D.I. 211, Ex. 17. Milwaukee's motion *in limine* number 2 is **GRANTED-IN-PART** and **DENIED-IN-PART**. Milwaukee argues that Persawvere plans to intentionally draw the jury's attention to withheld privileged communications. *Id.* at 3. In support, Milwaukee points to the fact that Persawvere included Milwaukee's privilege logs in its list of jury exhibits. *Id.* Milwaukee argues that the only purpose for introducing the privilege logs into evidence would be to invite potentially negative speculation about the contents of the withheld communications. *Id.* at 4; *see Sharer Inc. v. Tandberg,* No. 06-626, 2007 WL 983849, at *2 (E.D. Va. Mar. 27, 2007) (attorney-client communication "is only relevant to the extent that an inference may be drawn as to the substance of legal communications"); *Yue v. Chordiant Software, Inc.,* No. 08-19, 2010 WL 11575579, at *4 (N.D. Cal. Apr. 22, 2010) (showing privilege assertion "would unduly prejudice Defendant by allowing the jury to infer that Defendant was improperly withholding evidence").

Persawvere responds that Milwaukee waived privilege with respect to its clearance program. *Id.* at 29. Persawvere argues that Milwaukee is using privilege as both a sword and shield by relying on the testimony of its in-house counsel to support its belief that it

5

does not infringe, but asserting privilege as to those communications. *Id.* Accordingly, Persawvere claims it should be able to highlight Milwaukee's privilege claims. *Id.* at 30.

The Court grants-in-part Milwaukee's motion to exclude the privilege logs, but denies the remainder of Milwaukee's motion without prejudice. The privilege logs are not relevant because the logs make no material fact more or less likely. Fed. R. Evid. 402. Even if Milwaukee were to have waived privilege with respect to its clearance program, the privilege logs would not be relevant because the mere assertion of privilege is "unremarkable and irrelevant." *See US Rubber Recycling, Inc. v. ECORE Int'l, Inc.*, No. 09-09516, 2011 WL 13127343, at *8 (C.D. Cal. Oct. 5, 2011).

However, the Court denies Milwaukee's motion to exclude all evidence of Milwaukee's deponents claiming privilege. If the clearance program is put at-issue at trial, Persawvere's introduction of deposition testimony that includes a deponent asserting privilege may become relevant. At this time, the Court is not prepared to find that all references to Milwaukee's deponents claiming privilege are inadmissible.

6. With respect to Milwaukee's motion *in limine* number 3, Milwaukee asks the Court to exclude certain testimony of Mr. McIntosh. D.I. 211, Ex. 18. In light of the Court's oral ruling during the November 17, 2023 hearing on Milwaukee's motion to exclude certain opinions of Mr. McIntosh (D.I. 200), Milwaukee's motion *in limine* number 3 is **DENIED-AS-MOOT**.

Date: November 21, 2023

GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE

6